UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCM Group 22 LLC,<br><br>      Plaintiff,<br>v.<br><br>Lyndon Perry, and<br>Criston A. Violette.<br><br>      Defendants. | **Case No. 22-cv-06157**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff MCM Group 22 LLC, by and through its undersigned counsel, brings this Complaint against Defendants Lyndon Perry and Criston Violette for violations of the Copyright Act. The allegations herein are made based on personal knowledge of Plaintiff with respect to its own actions, and upon information and belief as to all other matters. Upon information and belief, all exhibits to this Complaint are true and correct copies of the original documents.

## PARTIES

1. Plaintiff MCM Group 22 LLC is a limited liability corporation organized under the laws of the state of Delaware, with a registered office at 1209 Orange Street, Wilmington, DE 19801 ("MCM" or "Plaintiff").

2. On information and belief, Defendant Criston Violette is an individual who lives at and/or owns the property at 410 Summit Lake Shore Road, Olympia, Washington, 98502 ("Violette").

3. On information and belief, Defendant Lyndon Perry is an individual residing at 410

Summit Lake Shore Road, Olympia, Washington, 98502 ("Perry") and uses the following email addresses: lyndonperry@msn.com, lporiginalg@gmail.com, as well as the alias "LPORIGINALG" and "I,HYPOCRITE" on Twitter and other sites.

4. Other sites where Perry publishes content include:

  a. https://odysee.com/@iHypocrite:d

  b. https://www.ihypocrite.net

  c. https://www.instagram.com/ihypocritical/

  d. https://www.youtube.com/lporiginalg

  e. https://www.facebook.com/ihypocrite

  f. https://dlive.tv/iHypocrite?ref=lporiginalg

  g. https://www.bitchute.com/profile/gIUOJEjwjbk5/

  h. https://trovo.live/s/iHypocrite?roomType=1

  i. https://www.twitch.tv/lporiginalg/videos

  j. https://gab.com/lporiginalg/

  k. https://sexwars.podbean.com

  l. https://www.youtube.com/channel/UCHRbBGHUYHtpcSqpDGuMs-g

  m. https://www.youtube.com/channel/UCcC_yJjG58enl-sPc4vxWFA

  n. https://www.patreon.com/lporiginalg

5. Perry earns money through revenue sharing on the various sites where he posts content, as well as through "donations," "pledges," and/or "subscriptions" from his fellow travelers. Methods where Perry earns donations include:

  a. Paypal

  b. Patreon

        c.       Subscribe Star

        d.       Facebook

        e.       Bitcoin Wallet: 3BqsHrLLuWneF54Q8VdrJektUP1KoFnBSp

        f.       Litecoin Wallet: MJPwBjMkAeZHUYFd1iRg5JtiTrYsU7JB1X

6.     On information and belief, LPORIGINALG is a pseudo-acronym for "Lyndon Perry Original Gangster."

7.     **Pursuant to Rule 8(d)(2) in the alternative:** On information and belief, Perry is a pseudonym and the true identity of "Lyndon Perry" is Violette. All allegations relating to Perry or "Defendant" made herein are also made against Violette, just as if each numbered paragraph referring to "Perry" was copied and restated to instead refer to "Violette."

## NON-PARTIES

8.     Non-party Twitter, Inc. is a Delaware corporation registered with the New York Department of Corporations as a Foreign Business Corporation, having a place of business at 111 8th Avenue, New York, New York 10011 ("Twitter"). Twitter has approximately 400 employees working out of its office in Chelsea, Manhattan.

9.     Certain of the Defendants' actions giving rise to this Complaint were internet publications or "tweets" made on Twitter's online social media platform (the "Twitter Platform.") Defendants are customers and users of Twitter and have account(s) on the Twitter Platform, which is operated at least in part by the employees in Twitter's New York offices.

10.    Defendants provide Twitter, by agreement and by using the site, with authority to publish Tweets on their behalf. Defendants control the content of their tweets published by Twitter and instruct Twitter on when to publish said tweets. Twitter is Defendants' agent for the purposes of

publishing tweets.

11.     Non-party Jane Doe is depicted in the Registered Work (defined herein), and has assigned all of her right, title, and interest in and to the Registered Work, and also has assigned to Plaintiff the right to any action or claim of any nature whatsoever, arising out of or in connection with the Registered Work, or any public dissemination or depiction of the Registered Work, or any portion thereof, sounding in Copyright, tort, or any other state or federal statutory or common-law grounds.

## PLAINTIFF'S COPYRIGHT REGISTRATION

12.     Plaintiff brings this action for, *inter alia,* violations of its exclusive rights under the Copyright Act, 17 U.S.C. § 106, arising from Defendants' reproducing and creating derivatives of the original audiovisual work (the "Registered Video") protected Plaintiff's federal copyright registration # Pau00414002, which was granted on July 14, 2022. A true and correct copy of the registration certificate is attached as an exhibit to this Complaint. Plaintiff is the owner, by assignment, of all right, title and interest in and to the Registered Video and its copyrights, and is the true owner of any derivative works thereof.

13.     The Registered Video was created as a result of criminal sex trafficking activity, as outlined and revealed by a series of related criminal cases against the founders and operators of the website Girlsdoporn.com and Girlsdotoys.com (collectively, "GDP"), in the United States District Court for the Southern District of California (the "GDP Cases").  The Registered Video was filmed in New York City in 2015.

14.     In one of the GDP cases, *United States v. Ruben Andre Garcia (3),* 19-cr-4488-JLS, the Hon. Judge Janis L. Sammartino issued a Restitution Order on 14 December 2021, which provided, *inter alia*:

      a.      The Defendant GARCIA plead guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. §1594(c), and also sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §1591(a).

      b.      All purported model releases and other agreements between GDP and its models purporting to give GDP the right to use, publish, or otherwise exploit its models' images, likenesses, or videos are void and unenforceable.

      c.      All transfers, licenses, or leases of the right to use, publish, or otherwise exploit the models' images, likenesses, or videos by GDP to any third parties are void.

      d.      Each model holds superior right, title, and interest in the images, likenesses, and videos depicting that model produced by GDP.

      e.      Each model shall have and recover all property that GDP took from them, including images, likenesses, videos, and copyrights.

15.      Non-party Jane Doe is one of the victims awarded restitution in the Restitution Order, and assigned her rights thereunder, including copyrights, to Plaintiff, for the purpose of prosecuting the use of copies, still images, and derivatives of the Registered Work through DMCA takedown notifications and, when necessary, civil actions such as this.

16.      Plaintiff's Copyright Registration is valid, presumed valid, and enforceable.

### SUBJECT MATTER JURISDICTION AND VENUE

17.      This action arises under, *inter alia,* the Copyright Act, 17 U.S.C. § 101 *et seq*.

18.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (copyright & trademark); and 28 U.S.C. § 1367 (supplemental jurisdiction).

19.     Venue is proper in this district under 28 U.S.C. § 1391 and 28 U.S.C. §1400(a) because Defendants' agent Twitter engaged in infringement in this district, is subject to personal jurisdiction in this district, and has a place of business in this district.

## **PERSONAL JURISDICTION**

20.     Defendants are subject to personal jurisdiction in this District because Defendants intentionally directed their agent Twitter to publish the infringing tweets in question. Defendants' agent Twitter is found within this district.

21.     Further, Defendants have infringed the copyrights of the Plaintiff, and those infringements were published by their agent Twitter within this district. Defendants' direction of Twitter to publish a tweet is a transaction of business within the meaning of NY CPLR §302(1). Thus, personal jurisdiction is proper in this district as to Defendants under at least NY CPLR § 302(1) *et seq*.

22.     Additionally, the Defendants are subject to specific personal jurisdiction in this District on these claims because the Defendant has purposefully established minimum contacts with New York by directing their agent Twitter to publish infringing and otherwise illegal Tweets.

23.     Pursuant to 28 U.S.C. §1400(a), Defendants and their agent may be found in this district.

## **LYNDON PERRY'S ONLINE CONDUCT**

24.     On June 13, 2022 at 1:34 AM, Perry posted a tweet (the "Tweet") which included a still image reproducing an entire frame from the Registered Work. The Tweet appeared at the URL provided here: https://twitter.com/lporiginalg/status/1536220472525803520 .

25.     The image was disseminated without the consent of Jane Doe or Plaintiff.

26.     Upon a reasonable opportunity for discovery, Plaintiff believes that other instances of infringement will be uncovered.

27.     As of the date of the filing of this complaint, the image has been removed due to Plaintiff's DMCA takedown notification, however if this Court does not enjoin Defendants from dissemination of the image, it may be reposted.

### **COUNT I – COPYRIGHT INFRINGEMENT**

28.     Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

29.     Plaintiff is the copyright owner of exclusive rights under United States copyright law with respect to the Registered Work, and the protectible elements thereof, which are the subject of a valid U.S. copyright registration, including but not limited to the right to sue for present and past infringement.

30.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works, and publicly perform the works.

31.     Defendants, without the permission or consent of Plaintiff, violated Plaintiff's copyright at least by reproducing, preparing derivative works, and publicly the frame from the Registered Work at least by sending the Tweet.

32.     The foregoing acts of infringement were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

33.     Defendants use of the still image(s) from the Work was not "fair use" because the facts and circumstances of Defendants' use do not support a fair use defense.

34.     Defendants' use of the still images was commercial and for the purpose of achieving additional donations or pledges.

35.     The nature of the copyrighted work is that it arises from criminal human trafficking activities pursuant to the findings of the United States District Court for the Southern District of

California.

36.     Defendant used an entire frame from the work, including Jane Doe's likeness, which is unnecessary for any fair use purpose.

37.     Defendant's use has the effect of increasing the public's demand for and the general prurient interest in the Registered Work, which is contrary to the purposes of the Plaintiff and the United States District Court for the Southern District of California, who intend that the Plaintiff, and other victims like her, have control over Registered Work and depictions of herself therein and may use the Federal Copyright Law to control further dissemination of the Registered Work, or any portion thereof.

38.     As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants:

a.     That Defendants have infringed Plaintiff's federally registered copyrights;

b.     That Defendants' infringement of Plaintiffs copyrights was willful;

c.     Ordering Defendants to account to for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights, and any other damages to which Plaintiff is entitled under law;

d.     Immediately and permanently enjoining Defendants and their successors, assigns, and all others in active concert or participation with them from further infringement or use of the Registered Work, and from further dissemination of images or depictions of Jane Doe.

e. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to Federal Copyright Law because of the exceptional nature of this case;

f. Awarding such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 20, 2022                            Respectfully submitted,

*/s/ Erik Dykema*
Erik Dykema, Esq.
*Of Counsel*
edykema@jmpllp.com

Amit Sondhi
*Partner*
asondhi@jmpllp.com

**JOSHPE MOONEY PALTZIK LLP**
1407 BROADWAY
SUITE 4002
NEW YORK, NEW YORK 10018

*Attorneys for Plaintiff MCM Gropu 22 LLC*