JOSHPE MOONEY PALTZIK LLP
1407 Broadway, Suite 4002
New York, NY 10018
T: (212) 362-9119
F: (212) 313-9478
www.jmpllp.com

29 August 2022
*Via ECF*

Hon. Judge Paul G. Gardephe
United States District Court,
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *MCM Group 22 LLC v. Perry, et al.,* Case No. 22-cv-06157-PGG
       *Defendant's Letter Requesting Pre-Motion Conference* (Dkt. 14),

Dear Judge. Gardephe-

This firm represents Plaintiff MCM Group 22 LLC in the above captioned matter. We write in response to Plaintiff's letter dated August 24, 2022, requesting a pre-motion conference in advance of filing a *Motion to Dismiss*. For the reasons stated below, Plaintiff's proposed motion would be futile without discovery and thus leave to file its motion at this time should be denied.

Two preliminary matters can be resolved at the outset. First, Defendant's letter raises the issue of personal jurisdiction over Defendant Mr. Violette. At the time of filing the complaint, Plaintiff believed – and still has reason to believe - that Defendant LYNDON PERRY was a pseudonym of Defendant Violette. However, Defendant's letter indicates that Defendant will provide documents proving that Perry is a real person and not a pseudonym of Violette. In turn, as Defendant's letter points out, Plaintiff is prepared to dismiss Mr. Violette upon receipt of affidavits and declarations from him and Perry identifying themselves. Thus, this is a non-issue.

Second, Defendant argues that "to the extent Plaintiff claims statutory damages or attorneys' fees," such awards would be improper under 17 U.S.C. §504-505. This argument is also a non-issue, because (i) the Complaint does not make a claim for statutory damages, and (ii) while the Complaint *does* seek attorneys' fees, 17 U.S.C. §504-5 is not the *only* source for attorney's fees available to Plaintiff, and other avenues for attorney's fees are not foreclosed by 17 U.S.C. §412. *See* 4 Nimmer on Copyrights §14.10(d) ("Of course, numerous sources of law outside the Copyright Act may also justify awarding attorney's fees under various circumstances. Litigants in copyright cases sometimes obtain recovery of their fees under those provisions, rather than under Title 17 of the United States Code. A prominent example is Rule 11 of the Federal Rules of Civil Procedure.") Plaintiff pleads for an award of attorney's fees as well as "such other and further relief as is just and proper" and, pursuant to the inherent authority of this Court, an award of attorneys' fees is always within the discretion of this Court.

Those issues aside, Plaintiff disagrees with both the legal arguments as well as the factual allegations presented in Defendant's motion. However, from the perspective of a 12(b)(6) motion, the common

problem with the arguments in Defendant's proposed *Motion to Dismiss* is that the well pleaded allegations of the complaint are presumed to be true. As discussed below, although Defendant's proposed *Motion* is styled as a 12(b)(6) motion for failure to state a claim, Defendant's arguments are not *actually* arguments that Plaintiff has failed to state a claim.  Rather, Defendant's arguments generally rest on the (false) premises that the factual allegations in the complaint are incorrect, or that there are additional facts that negative Plaintiff's claims. Since the factual allegations of the Complaint are presumed to be true, and since the facts alleged are sufficient to support a claim for copyright infringement (the sole claim in the Complaint), either Defendant's motion is futile *ab initio,* or supporting such arguments would require the introduction of factual evidence from outside the pleadings.

When a movant under 12(b)(6) presents matter outside the pleadings, the Court may either: (i) exclude the extrinsic evidence, which in this case would result in a denial of the motion, or (ii) convert the *Motion to Dismiss* into a *Motion for Summary Judgment. See Syville v. City of New York,* Case No. 20-cv-4633-PGG-JLC, 2022 U.S. Dist. LEXIS 88269, *7-8 (S.DN.Y. May 17, 2022). Again, if the Court were to exclude the extrinsic evidence that Defendant plans to proffer, the motion would be futile because it would boil down to an argument that the complaint is purportedly "wrong on the facts," which is a statutorily losing argument for a 12(b)(6) motion.

Alternatively, if the *Motion* were to be converted into one for summary judgment, Plaintiff would be deprived of its "opportunity to present all the material that is pertinent to the motion" without an opportunity for discovery into the contested factual issues.  *See Hernandez v. Coffey,* 582 F.3d 303, 309 (2d Cir. 2009) ("[B]efore the court converted the defendants' motion for judgment on the pleadings into a motion for summary judgment and granted the motion … the plaintiff was entitled to an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion…")  While certain grounds under 12(b)(6) may lend themselves to targeted discovery (e.g. personal jurisdiction), others – including fact intensive issues like the ones raised by Defendants' proposed motion – do not. Here, because the factual issues that would be determined relevant to Plaintiff's *Motion* are likely to be the central issues in the case (e.g. factual issues surrounding fair use), the discovery required for Plaintiff to respond to Defendant's motion is the same discovery that would be had if the case proceeds. Thus, converting such a motion into a *Motion for Summary Judgment* would be inappropriate, because - since Plaintiff is entitled to discovery to oppose such a motion – there is no reason for the Court not to hear such a motion at the typical time, e.g. after discovery.

Specifically, the central arguments outlined in Defendant's letter are that:

1. Defendant argues that certain orders and judgments from Federal and State Courts (including (i) a criminal restitution order resulting from a guilty plea in the Southern District of California, and (ii) a judgement not objected to the defendants in a civil case entered by the Superior Court of the State of California) were not "voluntary" transfers and thus prohibited by 17 U.S.C. §201(e). But, voluntariness is an issue of fact provable by documents and/or witness testimony.
2. Defendant argues that Plaintiff's Copyright Registration, which is presumed valid pursuant to 17 U.S.C. §410, is in fact invalid because Plaintiff believes that the prior purported owner of copyrights (i.e. criminals convicted of sex trafficking) was not properly subject to the orders in question.  Again, this question is an issue of fact provable by documents and/or witness testimony.
3. Defendant argues that his infringement was a "fair use" under 17 U.S.C. §107.  Again, it is black letter law that "fair use" is a mixed question of law and fact and thus this determination cannot be made at the 12(b)(6) stage.

2

As to #1, Plaintiff disputes Defendants' legal contentions, including that: (i) that criminal restitution orders issued by a District Judge are barred by 17 U.S.C. §201(e), (ii) that §201(d)(1) doesn't independently authorize the ownership of a copyright passing "by operation of law," (iii) that the original copyright holder was "an individual author" under the Copyright Act, and for other reasons.

This is an example of a "chain of title" defense, on which Defendant bears the burden of proof. *See* 3 Nimmer on Copyright §12.11 (discussing how a plaintiff who has "obtained a certificate of registration that constitutes *prima facie* evidence of the validity of his copyright and of the facts stated therein, which includes 'a brief statement of how the claimant obtained ownership of the copyright.' Accordingly, defendant bears the burden of controverting plaintiff's chain of title in those circumstances.") Generally, because Defendant bears the burden of proof on this defense, it is not appropriate for a pre-answer *Motion to Dismiss* because Defendant cannot provide the necessary proof within the four corners of the pleadings.

Specifically, Defendant's arguments arising from 17 U.S.C. §201(e) rest on the factual contention that the original copyright owner did not "voluntarily" transfer their copyrights. Plaintiff's copyrights are presumed valid, and so for Defendant to support such a contention, Defendant would need to introduce evidence, which would convert the motion into a 12(b)(6) motion. Plaintiff opposes the conversion of Defendant's 12(b)(6) motion into a Rule 56 motion at this stage and is entitled to an opportunity for discovery into the facts. Issues such as whether a particular action was "voluntary" are typically questions for a jury to decide after hearing witness testimony. Here, when the criminals who purportedly obtained the original copyrights by fraud (i) pled guilty in the criminal case and (ii) did not contest the judgment in the civil cases which transferred the copyrights, and did not appeal those judgments after they were entered, this is a question of fact – testimony from the criminal defendants would establish that their actions were voluntary.

As to #2 (whether the prior owner of the copyright was not subject to the orders in question), this is another example of a "chain of title" defense on which Defendant bears the burden of proof. *See* 3 Nimmer on Copyright §12.11. Plaintiff disagrees with Defendant's contention that the restitution order(s) covered *only* the criminal defendant Garcia or the other individuals and entities engaged in the criminal conspiracy. The amended restitution order provides that "Restitution shall be joint and several with all co-defendants and co-conspirators order to pay restitution for the same losses." *See United States v. Pratt, et. al,* CASD-3:2019-cr-04488-654851 Dkt. 281. Setting aside that Defendant is simply wrong on the contents of the orders from the United States District Court for the Southern District of California, these matters again are outside the four corners of the pleadings and would require extrinsic evidence to establish.

Further, a *separate* Court issued a Judgment, identical in this respect, providing that "The Court held all Defendants … were alter egos of each other under the single business enterprise theory, as well as partners and joint venturers." *See Jane Doe Nos. 1-22 v. GIRLSDOPORN.COM,* Case No. 37-2016-00019027-CU-FR-CTL. The Defendants in this case included all known individuals in the criminal enterprise including (but not limited to) Garcia, BLL Media, Inc. and BLL Media Holdings, LLC. *Id.* The Court further ordered a "Permanent Injunction against all Defendants and ordered Defendants to return to Plaintiffs all of Plaintiffs' personal property in their possession, including likenesses, videos, and/or copyrights." *Id.* "[T]he Court held all purported model releases and other agreements between Plaintiffs and Defendants were void and unenforceable. The Court found Plaintiffs hold all rights, title and interests in images, likenesses, and videos of Plaintiffs produced by Defendants." *Id.* It was ordered, adjudged and decreed that "Each Plaintiff holds superior right, title, and interest in all images, likenesses, and videos depicting that Plaintiff produced by Defendants or their associates." *Id.* All of the potential copyright

holding defendants were represented by counsel in this proceeding, did not object to the judgment, did not appeal the judgment, and the time for appeals has passed.

As to Defendants' argument #3 (that its infringement was a "fair use"), Plaintiff disagrees with Defendant's factual and legal contentions. For the reasons stated in its Complaint, Defendant's use was not a "fair use." *See* Compl. ¶¶33-37.

"Fair use is a mixed question of law and fact. The fact-driven nature of the fair use determination suggests that a district court should be cautious in granting Rule 56 motions in this area; however, it does not protect the copyright holder from summary disposition of her claims where there are no material factual disputes. As the Supreme Court has explained, the four factors are not treated 'in isolation, one from another'; rather, [a]ll are to be explored, and the results weighed together, in light of the purposes of copyright.'" *Ferdman v CBS Interactive, Inc.*, 342 F Supp 3d 515, 530 (SDNY 2018) (internal citations omitted). Where, as here, "there are issues of material fact as to the allegedly adverse impact of the defendants' use of the copyrighted works on the market for the plaintiffs' materials … the claim of fair use by the [] defendants … cannot be decided on a motion to dismiss." *Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.* 206 F.Supp. 3d 869, 895 (SDNY 2016). "A court cannot engage in the fair use inquiry until it has been presented with facts relevant to evaluating the fair use factors. Due to the fact sensitive nature of the inquiry, courts generally do not address the fair use defense until the summary judgment phase. Although the Second Circuit has 'acknowledged the possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim,' there is a 'dearth of cases granting' a motion to dismiss on the basis of fair use." *Graham v Prince*, 265 F Supp 3d 366, 377 (SDNY 2017) (internal citations omitted.)

Here, there are several significant and material factual disputes surrounding Defendant's claim of "fair use" that preclude a *motion to dismiss*:

- Plaintiff's complaint alleges that "Defendant's use of the still image(s) from the Work was not 'fair use' because the facts and circumstances of Defendants' use do not support a fair use defense." Compl. ¶33. Because fair use is a mixed question of law and fact, this is a factual issue. *See Supra.* Defendant's proposed *Motion* argues that it is a fair use. *Def. Letter p. 4.*
- Plaintiff's factual allegations include that "Defendants' use of the still images was commercial and for the purpose of achieving additional donations or pledges." Compl. ¶34. Defendant denies these facts and argues the opposite fact: "Plaintiff's [sic] alleged use was not of a commercial nature. The image is not being sold and the tweet is not monetized." *Def. Letter* p. 4.
- Plaintiff's factual allegations include that "Defendant used an entire frame from the work, including Jane Doe's likeness, which is unnecessary for any fair use purpose." Compl. ¶36. Defendant claims that it used a tiny fraction of the work. *Def. Letter* p. 4.
- Plaintiff's complaint alleges that "Defendant's use has the effect of increasing the public's demand for and the general prurient interest in the Registered Work, which is contrary to the purposes of the Plaintiff and the United States District Court for the Southern District of California, who intend that the Plaintiff, and other victims like her, have control over Registered Work and depictions of herself therein and may use the Federal Copyright Law to control further dissemination of the Registered Work…" *Compl.* ¶37. Defendant does not address this fact in its letter other than to repeat its allegation that its use was "fair." *Def. Letter* p. 4.

For the foregoing reasons and others, Defendant's proposed *Motion* is futile and would be a waste of the parties' and the Court's time and resources. Plaintiff respectfully requests that the Court deny Defendant's request for leave to file a *Motion to Dismiss* at this stage. However, in the alternative, should the Court

see fit to allow Defendant to file a motion, Plaintiff respectfully requests that the Court order Defendant not to include any factual matter or allegations extrinsic to the pleadings.

Further in the alternative, should the Court see fit to allow Defendant to file a pre-answer *Motion to Dismiss* which includes matter extrinsic to the pleadings, Plaintiff respectfully requests that the Court schedule an initial conference, order the parties to participate in a 26(f) conference, and stay Plaintiff's deadline to answer Defendant's *Motion* until the conclusion of discovery.

    Plaintiff thanks the Court for its consideration in this matter.

Dated: 29 August 2022

/Erik Dykema/
Erik Dykema – edykema@jmpllp.com
Amit Sondhi – asondhi@jmpllp.com

Joshpe Mooney Paltzik LLP
*Attorneys for Plaintiff MCM Group 22 LLC*