# BOCHNERIP

**Erik Dykema, Esq.**

295 Madison Avenue, 12th Floor                                    Erik@BochnerIP.com

New York, New York 10017                                          Tel: 646.971.0685

October 26, 2022

**VIA ECF**

Hon. Judge Paul G. Gardephe
United States District Court,
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:**  *MCM Group 22 LLC v. Perry, et al.*, Case No. 22-cv-06157-PGG
         Submission re: Copyright Venue

Dear Judge Gardephe,

   This firm represents Plaintiff MCM Group 22 LLC in the above captioned matter. We write in response to the Court's 24 Oct. 2022 *Order* (Dkt. 21) directing that:

> Plaintiff will make a submission addressing why venue is proper in this District under 28 U.S.C. §§1391, 1400(a).  In its submission, Plaintiff will explain how Twitter qualifies as Defendant's 'agent' for purposes of 28 U.S.C. §1400(a) and cite supporting authority.

## Summary

   Venue is proper in this District on Plaintiff's copyright infringement claim because Defendant Perry has waived challenges to personal jurisdiction and venue. But even if Defendant had not so waived venue, the copyright specific venue statute 28 U.S.C. §1400(a) applies, rather than 28 U.S.C. §1391. 28 U.S.C. §1400(a) allows for *broader* venue than §1391, providing that venue lies "in the district in which the defendant or his agent resides or may be found." The analysis for copyright venue is effectively equivalent to personal jurisdiction over *either* the Defendant or his agent. As to Defendant's agent, it is not disputed that non-party Twitter Inc. ("Twitter") "may be found" in this District and that personal jurisdiction is proper over Twitter in this District. As to the relationship between Twitter and Defendant, Twitter is Defendant's agent for the purposes of 28 U.S.C. §1400(a), and with respect to the posting of the messages in question, because Defendant exercises control over the actions of Twitter.

1

# BOCHNERIP

**Erik Dykema, Esq.**

295 Madison Avenue, 12th Floor        Erik@BochnerIP.com

New York, New York 10017                Tel: 646.971.0685

### Defendant Perry Has Waived Defenses
### Arising From Personal Jurisdiction And Venue

Defendant Perry has waived defenses based on both personal jurisdiction and venue by explicitly disclaiming them, and separately by failing to raise them in his first defensive move. As outlined in Defendant Perry's *Letter Motion To Dismiss* (Aug. 24, 2022) (Dkt. 14) ("Def. Mot."), the defenses as to Defendant *Perry* are based on Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim).

Perry explicitly disclaimed personal jurisdiction and venue in his *Letter Motion To Dismiss* (Dkt. 14). As to personal jurisdiction, he states "[t]he assertion of personal jurisdiction of Mr. Perry is specious at best. **However, Mr. Perry would prefer this to be adjudicated on the merits**." *Def. Mot.*, at 5 n.7 (*emphasis added*.) As to venue, the *Motion* similarly identifies and then fails to raise venue as a defense, stating "[v]enue is also improper under Rule 12(b)(3) and 28 U.S.C. §1391(b) … **However, courts frequently transfer actions brought in the wrong venue, and dismissal of this meritless action is the preferred outcome**." *Id.*, at 5 n.1. Thus, as to both personal jurisdiction and venue, Defendant explicitly acknowledged the issue, and then declined to raise them, because Defendant "would prefer this to be adjudicated on the merits" and because Defendant wished to avoid the possibility of transfer.

"A defendant who wishes to raise the defense of improper venue 'must do so in its first defensive move, be it a Rule 12 motion or an answer.'" *Benjamin v. Carusona,* 2010 WL 4448213, at *6 (S.D.N.Y. Nov. 5, 2010) (quoting *Hartling v. Woodloch Pines, Inc.*, No. 97 Civ. 2587, 1998 WL 575138, at *1 (S.D.N.Y. Sept. 8, 1998)). "'[T]he omission of a Rule 12 motion from a party's motion to dismiss results in waiver of the defense unless the defense was not available at the time of the motion.'" (*Id.* (quoting *Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*, 874 F. Supp. 601, 604 (S.D.N.Y. 1995)); *see also* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading . . . .").

As to former Defendant Violette, *Def. Mot.* states that the grounds are based on "Fed. R. Civ. P. 12(b)(1), (2), and (6)." *Def. Mot.* at 1, ¶1. But the itemized list of legal bases on pages 3-5 makes clear that the defense of personal jurisdiction is raised *only* as to Mr. Violette. *See Def. Mot.* ¶5 ("[t]he Court lacks personal jurisdiction over Mr. Violette…"). Mr. Violette was dismissed on September 1, 2022. *See* Dkt. 20.

Thus, because Defendant both explicitly disclaimed defenses as to personal jurisdiction and venue, and because Defendant failed to raise those arguments as to Defendant Perry in *Def. Mot.*, such defenses should be deemed waived.

# BOCHNERIP

## Erik Dykema, Esq.

295 Madison Avenue, 12th Floor          Erik@BochnerIP.com

New York, New York 10017                Tel: 646.971.0685

### 28 U.S.C. §1400(a) Controls Venue In This Matter, and is Coextensive With Personal Jurisdiction

With respect to venue under §1400(a), another court in this District set forth the law as follows:

> As an initial matter, Defendants rely on the general venue statute, § 1391, for their argument, ignoring that a specific venue statue, § 1400, governs copyright actions. 'Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply.' *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 n.2, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) (*citing § 1400 as venue statute for copyright suits*). Here, a more specific venue provision applies since venue in a copyright action is governed by § 1400(a), which provides that venue is proper in any 'district in which the defendant or his agent resides or may be found.' 28 U.S.C. § 1400(a); *see also Capitol Records, Inc. v. Kuang Dyi Co. of RM*, No. 03 Civ. 0520(LAP), 2004 U.S. Dist. LEXIS 3305, 2004 WL 405961, at *1 (S.D.N.Y. Mar. 4, 2004) ('In an action for copyright infringement, venue is controlled by 28 U.S.C. § 1400(a) . . . .'). 'A defendant 'may be found' wherever that person is amenable to personal jurisdiction.' *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (*citation omitted*); *see also* Lipton v. Nature Co., 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

*Sygall v. Pitsicalis*, No. 18-CV-2730 (VSB), 2018 US Dist LEXIS 194562 (S.D.N.Y. Nov. 14, 2018)

### Twitter "may be found" In This District And Is Subject to Personal Jurisdiction In New York

Regarding the question of where a defendant "may be found" pursuant to §1400(a), there is a near consensus among courts that "[t]he standards for determining whether a corporate defendant resides or is 'found' within a given district are no more strict than those generally established for determining whether a foreign corporation is 'doing business' so as to be amenable to suit." *3 Nimmer on Copyright* §12.01. "Examination of the history of the various venue statutes reveals that… 28 U.S.C. §1400(a) provides less rather than more restrictive venue standards than does either section 1391(c) or section 1400(b)." *Time v. Manning*, 366 F.2d 690, 697 (5th Cir. 1966). "If a corporation is doing business in a district for §1391(c) purposes, it may be found there for purposes of §1400(a)." *Id.* at 698.

# BOCHNERIP

**Erik Dykema, Esq.**

295 Madison Avenue, 12th Floor                                       Erik@BochnerIP.com

New York, New York 10017                                                      Tel: 646.971.0685

Thus, it is undisputed that Twitter "may be found" in this judicial district. As alleged in the Complaint, Twitter has offices in this District (on 8th Avenue in Manhattan) with approximately 400 employees. Compl. ¶8. Twitter's website, on which the infringing messages were disseminated, is operated at least in part by Twitter's employees in its New York offices. Compl. ¶9. Pursuant to NY CPLR §302, "a court may exercise personal jurisdiction over any non-domiciliary … who in person or through an agent: (1) transacts any business within the state…, or (4) owns, uses, or possesses any real property situated within the state." Thus, there is no question that Twitter is "transacting business" in this state, and also that it "owns, uses, or possesses any real property" within the state.

### Twitter Is Defendant's Agent As To The Posting Of Tweets

With respect to Defendant's conduct at issue in this matter, including posting messages on his Twitter page which infringe Plaintiff's copyrights (and seek monetary compensation for doing so), Twitter is Defendant's agent because Twitter distributes his messages to the public, and because Defendant exercises the element of control over Twitter's actions.

As pled in the Compl. (Dkt. 1), "[c]ertain of the Defendants' actions giving rise to this Complaint were internet publications or 'tweets' made on Twitter's online social media platform (the 'Twitter Platform.') Defendants are customers and users of Twitter and have account(s) on the Twitter Platform, which is operated at least in part by the employees in Twitter's New York offices." Compl. ¶9. "Defendants provide Twitter, by agreement and by using the site, with authority to publish Tweets on their behalf. Defendants control the content of their tweets published by Twitter and instruct Twitter on when to publish said tweets. Twitter is Defendants' agent for the purposes of publishing tweets." *Id*. ¶10. "Defendants' direction of Twitter to publish a tweet is a transaction of business within the meaning of NY CPLR §302(1). Thus, personal jurisdiction is proper in this district as to Defendants under at least NY CPLR § 302(1) et seq." *Id*. ¶21.

"Because general considerations govern here, no problems peculiar to the law of copyright arise, so reference should be made to general sources on federal jurisdiction and venue." *See* 3 Nimmer on Copyright ¶12.01. "Under New York law, 'an agency relationship exists . . . when there is agreement between the principal and the agent that the agent will act for the principal and the principal retains a degree of control over the agent. The element of control often is deemed the essential characteristic of the principal-agent relationship.'" *White v. Pacifica Found.*, 973 F.Supp 2d 363, 377 (S.D.N.Y. 2013) (Gardephe, U.S.D.J.)

4

# BOCHNERIP

**Erik Dykema, Esq.**

295 Madison Avenue, 12th Floor                                   Erik@BochnerIP.com

New York, New York 10017                                              Tel: 646.971.0685

 

It is here undisputed that Defendant Perry has "joined" Twitter by creating an account and accepting Twitter's contractual terms of service.[1] Thus, there is an agreement between Defendant and Twitter.

It is also undisputed that Defendant Perry frequently instructs Twitter to post messages from him to the public at large.[2] For example, according to Defendant's Twitter Page, he posted approximately twenty times on October 24, 2022. In each of those instances, Defendant instructed Twitter to make the post using Twitter's online interface, through that interface specifying the content of the post and the time at which it was to be posted. After Defendant makes the request, Twitter immediately posts the tweet. Similarly, Defendant can—at-will—instruct Twitter to delete a tweet, and Twitter deletes that tweet. In other words, Defendant maintains complete control over the messages posted to his Twitter page, and is the sole determinant of which messages are distributed via that page.  Thus, Defendant Perry exercises a high "degree of control" over Twitter with respect to messages posted to Defendant's twitter page by Defendant.

Moreover, this is exactly how Twitter's documentation instructs its users to use its system.  *See* Twitter's *New user FAQ*[3], which provides the following questions and answers:

- **What is Twitter?** Twitter is a service for friends, family, and coworkers to communicate and stay connected through the exchange of quick, frequent messages. People post Tweets, which may contain photos, videos, links, and text. These messages are posted to your profile, sent to your followers, and are searchable on Twitter search.
- **What's a Tweet?** A Tweet is any message posted to Twitter which may contain photos, videos, links, and text. Click or tap the Tweet button to post the update to your profile.
- **Can I edit a Tweet once I've posted it?** No, you can't edit a Tweet once you have posted it, but you can delete your Tweet.
- **Who reads my updates?** Your followers read your Tweets. If your Tweets are public, anyone who runs a search for a keyword in your Tweet may be able to see that message. Your Tweets are public by default…

---

[1] *See* Defendant's Twitter Page located at: https://twitter.com/lporiginalg

[2] Defendant's Twitter Page indicates that he has posted approximately 37,400 tweets.

[3] Retrieved from: https://help.twitter.com/en/resources/new-user-faq on 26 Oct. 2022.

# BOCHNERIP

**Erik Dykema, Esq.**

295 Madison Avenue, 12th Floor                     Erik@BochnerIP.com

New York, New York 10017                                  Tel: 646.971.0685

Lastly, with respect to whether Defendant's relationship with Twitter is sufficient to find venue in the Southern District on a copyright claim involving his messages posted on Twitter's website, the case is analogous to *Vasquez v. Negron,* 434 F.Supp. 2d 199, 200 (S.D.N.Y. 2006).  In *Vasquez,* the defendant had no contacts with New York, but "[w]ith one exception … which is the subject of allegations in the pleadings, is this: plaintiff alleges that [Defendant] is doing business in New York through an agent. [Defendant] is a member of ASCAP, which is located in New York City, and uses ASCAP as its agent for the collection of royalties."  The Court went on to hold that the Defendant in *Vasquez* was "transacting business in New York by virtue of his exploitation of *Noche de Fiesta* [the copyrighted work at issue] through the medium of his contract partner, ASCAP," and held that personal jurisdiction attaches in New York. The *Vasquez* Court further held, in denying a motion to dismiss for improper venue, that "[f]or purposes of copyright litigation, venue is proper if *in personam* jurisdiction is proper.  Since this court has personal jurisdiction over [Defendant], venue is proper in this Court."  *Id.* at 202.

In this case, as in *Vasquez,* Defendant is transacting business in New York by virtue of his exploitation of the copyrighted work at issue through the medium of his contract partner, Twitter.

## Conclusion

Plaintiff, therefore, respectfully submits that both personal jurisdiction and venue were waived by Defendant Perry, are proper in this Court, and that Defendant's *Motion* should be denied in its entirety.

However, to the extent that the Court is persuaded by any of Defendant's arguments, Plaintiff respectfully requests that, rather than dismissal, discovery into facts going to venue, followed by the opportunity to amend plaintiff's complaint, would be appropriate.

Respectfully Submitted,

By: _____
      Erik Dykema, Esq.