

Jay Marshall Wolman, JD
Licensed in CT, MA, NY, DC

October 27, 2022

<u>Via ECF</u>
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

   Re: *MCM Group 22 LLC v. Perry, et al.*, Case No. 22-cv-06157-PGG

Dear Judge Gardephe,

Defendant, Lyndon Perry, must briefly respond to the submission of Plaintiff (ECF No. 23) in response to the Court's Order of October 24, 2022 (ECF No. 21).  As noted by Plaintiff, Mr. Perry is not challenging personal jurisdiction or venue, not because he believes they are proper (they are not), but rather because he desires a dismissal, on the merits, with prejudice.  Plaintiff is not the legitimate copyright holder, and the alleged infringement was actually fair use.  Thus, Mr. Perry will not contest whether venue in this District is proper.

However, Plaintiff suggests that discovery should take place to address any concerns the Court may have with venue.  Discovery will unnecessarily increase the costs of litigation for both parties—on the front end, during the litigation, for Mr. Perry, and, ultimately, for Plaintiff once Mr. Perry prevails and fees are awarded to him.

There are only two factual issues; discovery is unnecessary for either.  One is whether Twitter may be found in New York.  As a matter of law, it appears that Twitter can be found in New York and is subject to the jurisdiction thereof.  *See Lemon Juice v. Twitter, Inc.*, 997 N.Y.S.2d 669 (Kings Cty., N.Y. Aug. 29, 2014).

The other issue is whether Twitter is an agent of Mr. Perry.  Nothing submitted by Plaintiff suggests as much, and the universe of available information to determine this is publicly available on Twitter's website.  Twitter is a publisher, not an agent.  Plaintiff's citation to *Vasquez v. Negron*, 434 F.Supp. 2d 199, 200 (S.D.N.Y. 2006) is inapposite.  Twitter is not ASCAP.  ASCAP actually enters into contracts for artists and collects royalties.  Twitter does none of those things.

As noted by Plaintiff, the "essential characteristic" is the "degree of control" a principal would retain over the alleged agent. (Letter at p. 4, quoting *White v. Pacifica Found*., 973 F.Supp 2d 363, 377 (S.D.N.Y. 2013)(Gardephe, U.S.D.J.)). "[T]he principal must maintain control over key aspects of the undertaking." *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.,* 347 F.3d 448, 462 (2d Cir. 2003).  Twitter users lack such control—they draft a tweet and everything after that is up to Twitter.



In posting a tweet, a user essentially submits a request to Twitter that the tweet be published on the website.  It is not an instruction—Twitter need not publish.  As noted by Plaintiff, he cannot instruct Twitter to edit the tweet.  Letter at 5.  He can ask Twitter to delete a tweet, but Twitter need not abide that request.[1]  Twitter will not publish his tweets to those who have muted or blocked him, no matter how much Mr. Perry may want.[2]  Twitter can limit any tweet based on other factors, including perceived violations of its own rules.[3]  Twitter may label or place notices on tweets it doesn't like, irrespective of whether Mr. Perry agrees.[4]

Plaintiff identifies nothing that discovery would reveal.  A party seeking to avoid judgment against them "must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (quotation omitted)(addressing summary judgment context); accord *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).  Plaintiff does not suggest what it would seek, let alone how such discovery might be germane.

Thus, although Defendant would prefer the Court adjudicate the merits, if the Court is inclined to adjudicate venue, it can do so on the record before it, without any further needless waste of resources on a meritless case. Thank you for your attention to this matter.

                                            Sincerely,

                                            */s/ Jay M. Wolman*
                                            Jay M. Wolman (JW0600)
                                            RANDAZZA LEGAL GROUP, PLLC
                                            100 Pearl Street, 14th Floor
                                            Hartford, CT 06103
                                            Tel:     702-420-2001
                                            Email:  ecf@randazza.com

                                            *Attorneys for Defendants,*
                                            *Lyndon Perry and Criston A. Violette*

cc:       Counsel of Record via ECF

---

[1] *See* https://blog.twitter.com/en_us/a/2015/holding-public-officials-accountable-with-twitter-and-politwoops (discussing agreement for publication of "deleted" tweets by politicians and public officials).
[2] See https://help.twitter.com/en/using-twitter/twitter-mute and https://help.twitter.com/en/using-twitter/blocking-and-unblocking-accounts .
[3] See https://help.twitter.com/en/rules-and-policies/twitter-reach-limited .
[4] See https://help.twitter.com/en/rules-and-policies/notices-on-twitter .