# Exhibit 3

Emails Between Counsel
August 22-23, 2022

Case 1:22-cv-06157-GBD-VF   Document 41-3   Filed 02/18/26   Page 2 of 4



Jay Marshall Wolman <jmw@randazza.com>

---

## Re: Correspondence From Jay Wolman | MCM Group v Violette & Perry
1 message

---

**Jay M. Wolman** <jmw@randazza.com>                                    Tue, Aug 23, 2022 at 8:32 PM
To: Erik Dykema <edykema@jmpllp.com>
Cc: Cassidy Curran <csc@randazza.com>, Marc Randazza <mjr@randazza.com>, Michael Mooney
<mmooney@jmpllp.com>, Amit Sondhi <asondhi@jmpllp.com>

Erik,

I'll forward the proposed declaration/affidavit to my clients.

As to the rest of your email, it seems we will have to move forward and have the court dismiss the action.  Your
statements do not alter our assessment of the case.

Sincerely,

Jay Wolman

_____

**Jay Marshall Wolman, CIPP/US, Counsel***
**Randazza Legal Group, PLLC**

100 Pearl Street, 14th Floor | Hartford, CT 06103

30 Western Avenue,, Gloucester, MA  01930

43-10 Crescent Street, Ste. 1217, Long Island City, NY 11101

Tel: 702-420-2001 | Email: jmw@randazza.com

_____

* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law.  The
information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are
hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this
message is strictly prohibited.  If you have received this email in error, please immediately notify the sender and destroy the
original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them.  Thank
you.

On Tue, Aug 23, 2022 at 7:43 PM Erik Dykema <edykema@jmpllp.com> wrote:
> SETTLEMENT NEGOTIATION
> INADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE AND APPLICABLE STATE AND LOCAL RULES
>
> Mr. Wolman-
>
> Please see the attached draft declaration (for Mr. Violette) and affidavit (for Mr. Perry) for your review. I'm happy to have
> an unsworn declaration from Mr. Violette. However, due to uncertainty as to the actual identity of Mr. Perry, we require a
> notarized affidavit from him to establish his true identity. If you have any edits or revisions to propose please feel free to
> send me a redline. I will voluntarily dismiss Mr. Violette on receipt of his signed declaration and Mr. Perry's signed and
> notarized affidavit.
>
> With respect to your plans to move to dismiss the allegations against Mr. Perry, I have reviewed your letter and
> respectfully disagree with your analysis and allegations.
>
> First, my client does not seek to "attack" your client for commentary, nor to "chill" lawful speech. My client seeks to
> control the use of its copyrighted material. Your client is not being sued because of any "commentary" he made, but
> rather because he:
>
>          (i) Used a copyright protected image without permission,

(ii) Declined to cooperate with a previous non-judicial attempt to remove the image by issuing a counter-takedown notification,

(iii) Invited us to sue him by responding to a DMCA notification with an explanation comprising "lol. trollololol. … See you in Court!",

(iii) Stated in that counter-notification "I swear under penalty of perjury that I have a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."

With respect to your purported defenses, we respectfully disagree that they are meritorious. First, I am aware of no authority providing that you have standing to raise 201(e) as a defense to a criminal restitution order that occurred after the defendant (i) plead guilty, (ii) did not dispute or appeal the restitution order, and (iii) joined with the government in a modification thereof which left the portion transferring the copyright intact. *See Joint Motion to Amend / Correct Restitution Order* , Dkt. 280, 3:19-cr-4488-JLS, SDCA.

Similarly, as to your contention that the restitution order against the defendant in that matter is somehow legally insufficient, such contention does not disturb the *separate* civil judgment in the matter of *Jane Doe Nos. 1-22 v. BLL Media, Inc.,* et al., in the Superior Court of the State of California, San Diego, Case No. 37-2016-00019027-CU-FR-CTL. The Defendants in that matter appeared and were represented by counsel (including BLL Media), and judgment was entered against them without objections to the judgment.

With respect to your contention that your client's use was a "fair use," we respectfully disagree, including for the reasons already stated in our complaint.

Regardless, to the extent your client wishes to raise such defenses, there are likely to be disputed issues of fact relating to those defenses that will require discovery.

With respect to your contention that our demands are "improper," we likewise respectfully disagree. I'm not aware of any authority for the proposition that a settlement proposal is "improper" because it comprises things that the parties could not obtain in Court. As an example, I'm not aware of any law that would authorize a Court to order a civil defendant to apologize to a plaintiff, but settlement proposals containing apologies are entered into regularly.

As to your contention that this Court lacks personal jurisdiction over Mr. Perry, we respectfully disagree for the reasons stated in our complaint.

Lastly, I will note that, my general review of your client's twitter account indicates that his *modus operandi* appears to be to regularly reproduce, republish, and make derivative works from third parties' copyright protected content. Based on his behavior and responses in this matter, I doubt that he has obtained permission from the copyright owners of such works. Should this litigation continue, discovery into the extent of your clients' failure to obtain copyright and trademark releases from such authors would be relevant to an award of damages. While I cannot predict the future or the actions of unrelated third parties, it seems reasonable that such discovery may lead to other authors' whose rights your client has infringed making their own DMCA and/or copyright claims against your client.

I respectfully request that your client reconsider his settlement demand and make a more reasonable counter-offer.

Best Regards,
Erik

On Aug 23, 2022, at 11:17 AM, Jay M. Wolman <jmw@randazza.com> wrote:

Erik,

My clients are amenable to executing declarations to these effects. Kindly provide your drafts as soon as you can, so I might avoid having to address Mr. Violette in the pre-motion letter. (I am unclear as to why you'd call one an affidavit and the other a declaration, as those are interchangeable, especially given the effect of 28 USC 1746).

I'm assuming you've also had a chance to digest what I said about our plans with respect to moving to dismiss Mr. Perry. Please advise as to your position on our intent to move to dismiss.

Thank you.

Sincerely,
Jay Wolman

Case 1:22-cv-06157-GBD-VF   Document 41-3   Filed 02/18/26   Page 4 of 4

---

**Jay Marshall Wolman, CIPP/US, Counsel**\*
**Randazza Legal Group, PLLC**

100 Pearl Street, 14th Floor | Hartford, CT 06103

30 Western Avenue,, Gloucester, MA  01930

43-10 Crescent Street, Ste. 1217, Long Island City, NY 11101

Tel: 702-420-2001 | Email: jmw@randazza.com

---

\* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited.  If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them.  Thank you.

On Mon, Aug 22, 2022 at 12:23 PM Erik Dykema <edykema@jmpllp.com> wrote:

Mr. Wolman-

We are in receipt of your correspondence and will revert.

However, based on a quick read of your letter, I think that one issue may be easily resolved without motion practice. With respect to the distinction between Mr. Violette and Mr. Perry, if - as you suggest - Mr. Violette is unconnected with this incident and Mr. Perry is the responsible party, then we would be happy to dismiss Mr. Violette upon (i) a declaration from him that he isn't connected to the twitter account, and (ii) an affidavit from Mr. Perry that he is responsible for the twitter account.

If this would work, I can prepare drafts of the declaration and affidavit.

thanks,
Erik

On Mon, Aug 22, 2022 at 11:01 AM Cassidy Curran <csc@randazza.com> wrote:

Hello Counsel,

Please find the attached correspondence from Attorney Jay Wolman in the matter of MCM Group 22 LLC v. Perry, et al. Thank you.

Sincerely,
**Cassidy Curran**\* | **Randazza Legal Group**

30 Western Avenue, Harbor Room | Gloucester, MA 01930

Tel: 702-420-2001 | Email: csc@randazza.com

Firm Offices - Las Vegas | Miami | New England

\* Paralegal – not licensed to practice law.