# **Exhibit 4**

## Letter from Jay M. Wolman
## February 16, 2023



**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

*Settlement Privileged Communication*

**February 16, 2023**

<u>Via Email Only</u>
Erik Dykema
Bochner IP, LLC
<erik@bochnerip.com>

> **Re:    *MCM Group 22 LLC v. Perry, et al.* | *Extension of Time***

Dear Attorney Dykema,

I am in receipt of your e-mail of February 16, 2023, requesting a two-week extension of time to respond to the motion to dismiss served February 8, 2023.  As you know, your current deadline is February 22, 2023 (per order of January 25, 2023, ECF No. 25), which would place your requested extension to March 8, 2023.  Our current reply deadline is March 1, 2023; due to my litigation schedule, the anticipated one-week response deadline is not ideal and I would need an additional week.  Thus, we are happy to consent to the requested extension so long as our reply deadline is March 22, 2023.

As these deadlines are currently set by order, I believe we would need judicial endorsement to change them.  I would suggest a letter-motion by consent.

That said, I believe this is an ideal opportunity to revisit potential resolution.  You have known for half a year that your client is unlikely to succeed in this venture.  At worst, your client will be judicially deemed not to own the copyright, which undermines your efforts to remove copies of the video that (unlike my client's use) may well be infringement.  At best for you, the matter is dismissed on the basis of fair use alone.  Your client and Ms. Khater may not like it, but there is hardly a clearer case of fair use than here, and if you cannot see that, you are doing them a grave disservice.  We expect you do recognize it, as your response to our pre-motion letter focused on whether fair use could be considered on a 12(b)(6) motion, rather than whether you could actually win on the merits.

You don't want to drag this case out.  Even if you survive our motion on the basis that it relies on documents not attached to any submission of yours, all you will be doing is increasing the fees your client has to pay you and, as you are aware, the fees your client will also have to pay us when we win.  And, this would undoubtedly be after we file our 512(f) counterclaim, discovery, presumably with motion practice as always happens, and then summary judgment.  Your client will not win the infringement claim—their best bet is to try to limit their exposure now.

Ms. Khater made an adult film.  So what?  There's no shame in that.  If she did it under duress, as you claim, then shame on GDP, but that does not reflect poorly on her.  She should be out there telling her story, not having your client make baseless copyright claims.  Ms. Khater's image is tarnished by her affiliation with Celsius more than having made one

---

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103

jmw@randazza.com | 203.539.6666



film in college.  And, while the litigation is in the name of MCM Group 22, the public will likely view her as the copyright troll.

Moreover, as we've previously indicated, if we win on the issue of copyright ownership, this will undermine your efforts to make the internet forget about her adult movie.  We believe this to be an improper use of copyright, but with a victory to us, your client could not even make such an improper use anymore.  They would be perjuring themselves every time they filed a DMCA takedown attempt.

Therefore, if you wish to avoid incurring more fees and potentially losing your tenuous claim to ownership of the copyright, your client will:

a)  Withdraw the DMCA Takedown Request to Twitter;

b)  Dismiss the claims against Mr. Perry with prejudice; and

c)  Reimbursement of legal fees to date in the amount of $38,000.[1]

Again, our goal here is to extricate our clients from this litigation, which was improperly brought, without interfering with your client's efforts to remove the video itself from the internet.  Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman

cc:    Marc J. Randazza

---

[1] For purposes of settlement, we are not making a demand for non-economic damages to Mr. Perry for having wrongly been accused, recoverable under Section 512(f) (*see Johnson v. New Destiny Christian Ctr. Church, Inc.*, 771 Fed. Appx. 991 (11th Cir. 2019)).