**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MGM GROUP 22 LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-06157 |
| | ) | |
| LYNDON PERRY, | ) | |
| | ) | |
| *Defendant*. | ) | |

---

**MOTION BY LOLCOW LLC AND**
**THE UNITED STATES INTERNET PRESERVATION SOCIETY**
**FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE***

---

NOW COME Lolcow LLC and the United States Internet Preservation Society (collectively, "Amici") and move for leave to file the proposed *amici curiae* brief which is attached hereto. In support of this Motion, Amici state as follows:

1.      Lolcow LLC ("Lolcow") is a West Virginia limited liability company and copyright licensee that owns a website known as Kiwi Farms.[1] The website hosts commentary, parody, and criticism of public and semi-public figures and their creative works. Lolcow and its affiliates have been subjected to repeated Digital Millennium Copyright Act ("DMCA") takedown demands and copyright infringement lawsuits arising from the forum's hosting of user commentary that incorporates copyrighted works for purposes of criticism and parody.

2.      The United States Internet Preservation Society ("USIPS") is a South Dakota nonprofit organization whose mission is to restore the Internet's position as a vibrant marketplace

---

[1] Lolcow LLC has only one member: Joshua Moon. It therefore has no corporate affiliation to disclose.

1

for the free flow of ideas.[2] USIPS has previously appeared as *amicus curiae* before the Supreme Court of the United States in *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959 (2026). The interests of Amici are further set forth in the accompanying proposed brief.

3.       It is the established practice of New York's federal courts to allow appropriate amicus briefing. *See, e.g.*, *Auto. Club of N.Y., Inc. v. Port Auth.*, 2011 U.S. Dist. LEXIS 135391, at *8 (S.D.N.Y. Nov. 22, 2011); *Andersen v. Leavitt*, No. 03-cv-6115 (DRH) (ARL), 2007 U.S. Dist. LEXIS 59108, at *6 (E.D.N.Y. Aug. 13, 2007). Leave to file is appropriate where the proposed amicus "has unique information or perspective" that the parties cannot present on their own. *Auto. Club*, 2011 U.S. Dist. LEXIS 135391, at *6.

4.       Amici are uniquely positioned to address the systemic consequences of fee-shifting decisions under 17 U.S.C. § 505 for small and non-commercial defendants who assert fair-use defenses. Because Lolcow LLC has faced copyright actions arising from online commentary, it can offer a perspective that neither party can present: the real-world impact of fee-award outcomes on the willingness of platforms and individual speakers to host and defend lawful speech. Similarly, USIPS was founded to promote Internet freedom, including by fighting unjust copyright efforts.

5.       The proposed brief addresses the *Fogerty*/*Kirtsaeng* framework as applied in this Circuit, the structural chilling effect of unrecoverable defense costs, the doctrinal feedback loop that arises when fair-use defendants cannot afford to litigate, and the rarity of pleading-stage fair-use dismissals. All of these factors bear on the compensation and deterrence considerations before this Court.

---

[2] As a nonprofit organization, USIPS does not issue stock. It also has no parent or subsidiary corporation, and owns no stock. It therefore has no corporate affiliations to disclose.

6.      Undersigned counsel contacted all parties to request their respective positions on this motion. Defendant's counsel, Marc Randazza of Randazza Legal Group, stated that the defense has no objection to the filing of the proposed *amici curiae* brief. Plaintiff's counsel, David J. Winkler of Mintz & Gold LLP, stated that Plaintiff opposes the filing of the instant brief.

7.      Plaintiff's opposition to the filing of this brief should not prevent this Court from granting leave. Plaintiff's stated basis for opposition is that "this is an atypical case," but the typicality or atypicality of the case is itself a question on which amicus briefing may assist the Court. *See Kearns v. Cuomo*, No. 1:19-CV-00902 EAW, 2019 U.S. Dist. LEXIS 175384, at *4 (W.D.N.Y. Oct. 9, 2019) (noting that an *amicus curiae* is a "friend of the court" and not a friend of a party). Amici's brief addresses the broader systemic implications of the fee-award decision and does not merely duplicate Defendant's arguments. The brief will therefore assist the Court in resolving the pending motion.

WHEREFORE, Amici respectfully move that this Court grant leave to file the attached *amici curiae* brief.

Respectfully submitted this the 12th  day of May 2026,

HARDIN LAW OFFICE

By: /s/Matthew D. Hardin
    Matthew D. Hardin
Attorney Reg. No. 5899596
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: 212-680-4938
Email: MatthewDHardin@gmail.com

*Counsel for Lolcow LLC and the*
*United States Internet Preservation Society*