UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCM GROUP 22 LLC,<br>Plaintiff,<br>-against-<br>LYNDON PERRY, et al.,<br>Defendants. | Case No.: 22-cv-06157-GBD<br>**DEFENDANTS' OBJECTION TO OPINION AND ORDER** |

Upon transfer to the presently presiding Judge, the Court promptly granted Defendant Lyndon Perry's motion to dismiss, which permanently disposed of the claim against Mr. Violette. (ECF No. 38). Yet, when Mr. Perry and Mr. Violette sought to vindicate their entitlement to fees (ECF No. 40), the Magistrate Judge denied that request. (ECF No. 53). Pursuant to Fed. R. Civ. P. 72(b), Defendants object to the August 20, 2026, Opinion and Order (ECF No. 53).

**1.0 The Magistrate Judge Completely Ignored Mr. Violette's Fee Request**

The fee motion (ECF No. 40) was not brought solely on behalf of Mr. Perry; as set forth in the motion (ECF No. 40) and memorandum (ECF No. 41), significant argument was made as to Mr. Violette's separate entitlement to fees. As noted at p. 18 n. 3 (using ECF system numbering) of the memorandum, the only claims against Mr. Violette were as a purported alter ego of Mr. Perry. Though they were disposed of through a voluntary dismissal, the adjudication that Mr. Perry engaged in fair use necessarily operated to bar future claims against Mr. Violette, thereby making him a prevailing party under the Copyright Act. Per Fed. R. Civ. P. 54(b), the dismissal of Mr. Violette did not effect a judgment until the entire case was disposed, *i.e.* when summary judgment was awarded to Mr. Perry. The Court's finding of fair use collaterally estops any claim against Mr. Violette on the merits. Summary judgment to Mr. Perry, therefore, resulted in a "judicially sanctioned change in the relationship of the parties" as between Plaintiff and Mr.

Violette. *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001). Although Plaintiff referenced Mr. Violette in its opposition (ECF No. 47 at 21 n. 6), it was solely related to whether Plaintiff had an improper motive against Mr. Perry. At no point did Plaintiff even *argue* that Mr. Violette was not entitled to prevailing party fees. Defendants highlighted this lack of opposition in their reply (ECF No. 50 at 7-8), but the Magistrate Judge ignored Mr. Violette's unopposed request. All of the *Fogerty* factors favored Mr. Violette, even more so than Mr. Perry, as Plaintiff had no reasonable basis to file suit against Mr. Violette and never made any argument that there was such a basis. Mr. Violette's entitlement to fees is addressed below along with the discussion of the misapplication of the *Fogerty* factors to Mr. Perry's request. The failure to award fees to Mr. Violette is, therefore, clearly erroneous and contrary to law.

## 2.0 Fees are Warranted under *Fogerty*

The Magistrate Judge correctly determined that Mr. Perry is a prevailing party under the Copyright Act. (ECF No. 53 at 5). Nevertheless, the Magistrate Judge erroneously determined that fees should not be awarded. In determining whether to award fees, the Magistrate Judge relied on the factors endorsed in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and enumerated in *Bryant v. Media Right Prods*., to wit:

> (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.

603 F.3d 135, 144 (2d Cir. 2010). Although the invocation of the *Fogerty* factors was appropriate, the Magistrate Judge's application of them was not.

### 2.1 The Claim was Objectively Unreasonable and Frivolous

The Magistrate Judge lumped the first and third factors (objective unreasonableness and frivolousness) together. Specifically, the Magistrate Judge summarized the ruling as "MCM had

a basis for contending that fair use did not apply here." (ECF No. 53 at 8). The Magistrate Judge (*id.* at 9) singled out Plaintiff's arguments comparing a) here, the single frame of a lengthy video, where that single frame was directly commented on and criticized via a collage with a 30-under-30 profilee, with b) the use of an entire work where "CBS included the Photo in the Episode making no changes in it except the apparently non-substantive change of cropping it" and transformative use was not self-evident on inspection in *Hirsch v. CBS Broad. Inc.*, 2017 U.S. Dist. LEXIS 123468, at *20-21 (S.D.N.Y. Aug. 4, 2017). While the Magistrate Judge took the view that the Court "was not persuaded by the rationale in *Hirsch*" (ECF No. 53 at 9) that is understating it; the Court did not even see fit to cite *Hirsch* in its decision.

The Court expressly stated that, here, "[i]n short, a reasonable observer would understand the Tweet as a commentary on Celsius with a markedly different purpose from the original pornographic video." *MCM Grp. 22 LLC v. Perry*, 818 F. Supp. 3d 623, 631 (S.D.N.Y. 2026). If that is what the "reasonable observer would understand," Plaintiff was, by definition, making an unreasonable claim.

Nor did the Magistrate Judge properly interpret the Court's statement that Plaintiff's effort to control reproduction is "legitimate" where the Court highlighted "their ability to do so extends only as far as copyright law allows." (ECF No. 53 at 9-10 quoting ECF No. 38 at 12-13). At best, "legitimate" here speaks to DMCA claims against others who reproduced the video in full solely for prurient interest. It says nothing about the claims against Defendants being reasonable.

The four cases cited by the Magistrate Judge (ECF No. 53 at 10) are distinguishable or are otherwise unpersuasive. In *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, the District Court chose not to award fees where dismissal "turned on the application of a fact-intensive, multifactor test[,]" *i.e.* fair use under 17 U.S.C. § 107, even where it was "clear parody[.]" 2018 U.S. Dist. LEXIS 3035, at *13 (S.D.N.Y. Jan. 8, 2018). Under *Louis Vuitton*, no fair use defendant would

ever recover fees. Defendants are aware of no courts citing *Louis Vuitton* for this proposition and this Court should leave it as an outlier.

Fees were not awarded in *Leibovitz v. Paramount Pictures Corp.,* where "the combination of the then-relatively new state of fair use law, the amount of Paramount's taking of Leibovitz's work and the commercial purpose of Paramount's work favors Leibovitz[.]" 2000 U.S. Dist. LEXIS 10173, at *11 (S.D.N.Y. July 21, 2000). Those are not the circumstances here: fair use law is well-established, Perry used only a fraction of the film, and there was no commercial purpose. Leibovitz may have acted reasonably in bringing her claim, but MCM Group 22 did not.

In *Hello I Am Elliot, Inc. v. Sine*, the plaintiff's novel legal theory "had just enough of a legal basis to avoid condemnation as objectively unreasonable." 2021 U.S. Dist. LEXIS 61261, at *22 (S.D.N.Y. Mar. 30, 2021). Here, Plaintiff was not attempting to bring a novel legal claim that could seem plausible under out-of-circuit caselaw. Instead, Plaintiff brought a claim that was obvious fair use that the "reasonable observer would understand."

Finally, in *Magnum Photos Int'l, Inc. v. Houk Gallery, Inc*., fees were denied where the plaintiff relied on an out-of-circuit decision directly on point in its favor. 2019 U.S. Dist. LEXIS 165852, at *6 (S.D.N.Y. Sep. 26, 2019). In contrast, none of the cases cited by Plaintiff were directly on point; not one supported a finding of non-fair use or addressed direct commentary and transformation of a sliver of the work.

One need only look at the Magistrate Judge's prior decisions to see that she has applied a different standard of conduct to the non-prevailing party here (Plaintiff) than she does in other cases. In *Harrington v. Kaushan Media Corp*., No. 23-CV-03213 (JGLC) (VF), 2023 U.S. Dist. LEXIS 229668, at *12-13 (S.D.N.Y. Nov. 21, 2023), the Magistrate Judge awarded fees to a prevailing plaintiff where the defendant defaulted—by necessity, in taking no position, the

defendant never took an unreasonable or frivolous one. Plaintiff's position here was far less reasonable and far more frivolous than the non-prevailing party in *Harrington*.

This Court awarded fees where a plaintiff was objectively unreasonable in bringing a claim that was plainly time-barred. *See Sid Bernstein Presents, LLC v. Apple Corps Ltd.*, 2018 U.S. Dist. LEXIS 53626, at *8-9 (S.D.N.Y. Mar. 29, 2018). The fair use by Mr. Perry (and the absence of any theoretical infringement by Mr. Violette) was no less plain. The Court should follow its own precedent and find the first and third *Fogerty* factors satisfied.

### 2.2 Plaintiff was Improperly Motivated

The Magistrate Judge erroneously determined that the second *Fogerty* factor, improper motivation, favored Plaintiff. As the Court recently said, "[i]mproper motivation is found when a party advances positions 'not because of their inherent merit, but rather because it seeks to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain.'" *Gaffney v. Muhammad Ali Enters. Ltd. Liab. Co.*, 2026 U.S. Dist. LEXIS 69645, at *8 (S.D.N.Y. Mar. 31, 2026) quoting *Janik v. SMG Media, Inc.*, 2018 U.S. Dist. LEXIS 4567, 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018). The entire motivation for the claim was secondary gain.

As the Court observed in determining that the effect on the market favored fair use:

> Plaintiff admits that the Tweet would not harm the market for the Video. (Opp. at 14.) Instead, Plaintiff argues that the Tweet "increas[es] the public's demand for and general prurient interest in the [Video]." (*Id.*) Plaintiff wishes to depress the demand for the Video and "use the Federal Copyright Law to control further dissemination of the [Video], or any portion thereof." (*Id.*)

*MCM Grp. 22 LLC v. Perry*, 818 F. Supp. 3d 623, 633 (S.D.N.Y. 2026). Even in their opposition, Plaintiff admits that the purpose of the suit was "to enforce the restitutionary relief that the courts awarded Jane Doe[.]" (ECF No. 47 at 6). Not to enforce their own rights, but Jane Doe's. Not to further "copyright's very purpose, '[t]o promote the Progress of Science and useful Arts[,]'" but to further restitution to Jane Doe. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994)

(quoting U.S. Const., Art. I, § 8, cl. 8). Plaintiff's sole purpose was to shut down dissemination of any part of the video, no matter how lawful or who they hurt in the process. This "restitution" motivation is to pay a third party (not the Plaintiff) for wrongs committed by a fourth party (not the defendant). This kind of theory should not even get over Rule 11, much less be sufficient to avoid paying fees to the parties wronged in this case — Mr. Perry and Mr. Violette. Plaintiff sought to shut down fair reporting and free speech and make a buck off of it. What could be a more improper purpose than that? Notably, although the Magistrate Judge spent several pages of her order addressing what Plaintiff's motivation *wasn't*, she never addressed what Plaintiff's motivation *was*. (ECF No. 53 at 11-14). This is despite having quoted the "enforce the restitutionary relief" language just a few pages prior. (*Id.* at 8). Although the Magistrate Judge said "there is no evidence of any other indicia of improper motive by MCM" (*id.* at 13), she ignored the explicit improper motivation Plaintiff confessed to. Whether or not it is morally good to protect the alleged victims of the "Girls Do Porn" enterprise, it is nevertheless improper to abuse copyright law (and the principles of the First Amendment enshrined in Section 107) to do so.[1] Thus, the second *Fogerty* factor warrants a fee award.

**2.3 Defendants Deserve to be Compensated and Plaintiff Should be Deterred**

The Magistrate Judge gave little consideration to the fourth *Fogerty* factor because she let it be governed by her erroneous determination as to the first factor—objective reasonableness. (ECF No. 53 at 14). It was not reasonable and Plaintiff knew it. Plaintiff knew it when Mr. Perry filed a counternotification. Plaintiff knew it when undersigned counsel appeared and attempted to resolve the matter. Plaintiff knew it when Defendants filed their pre-motion letter. Yet, they

[1] The exercise of First Amendment rights is vindicated through the fair use doctrine under copyright law. *See Wainwright Sec. v. Wall St. Transcript Corp.*, 558 F.2d 91, 95 (2d Cir. 1977) ("Conflicts between interests protected by the first amendment and the copyright laws thus far have been resolved by application of the fair use doctrine.")

persisted in prosecuting a baseless claim because they gambled on the probability that there would be no accountability for their actions. Thus far, that gamble seems to have paid off, but that gamble cannot pay off lest it will be a beacon to others to do the same thing.

The Magistrate Judge would adopt a rule that a defendant who wins on a Rule 12(b)(6) motion should not be compensated because they were not dragged through enough extended litigation. (ECF No. 53 at 15). Being sued is no light thing for a defendant. As one jurist put it, "[o]ur pronouncements are [] law, and the law is enforced through the threat of the state's authority; thus, one scholar notes that 'legal interpretation is as a practice incomplete without violence—because it depends upon the social practice of violence for its efficacy.'" *Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 437 n.8 (Tex. 2011)(Jefferson, C.J. concurring) quoting Robert M. Cover, *Violence and the Word*, 95 YALE L.J. 1601, 1613 (1986). Defendants faced the threat that, if they did nothing, armed agents of the state could appear and seize their property. Filing a baseless lawsuit should come with consequences.

Under the Magistrate Judge's theory, no defendant could ever be compensated. If they win on a motion to dismiss, then the case was too short to necessitate compensation. If they go through discovery and win on summary judgment or at trial, then the claim must have been sufficiently grounded in fact and law to not be unreasonable or frivolous.

The Magistrate Judge's citation to *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 574 (S.D.N.Y. 2011) is misplaced as *Jovani*, unlike here, involved a "not unreasonable" claim. The same holds for the Magistrate Judge's citations to *Creazioni Artistiche Musicali, S. R. L. v. Carlin Am., Inc.*, 2017 U.S. Dist. LEXIS 124082, at *12-13 (S.D.N.Y. Aug. 4, 2017) and *Silverstein v. Penguin Putnam, Inc.*, 2008 U.S. Dist. LEXIS 19479, at *12 (S.D.N.Y. Mar. 12, 2008). Fees were denied in *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, on all of the *Fogerty* factors, and that case only stands for the unremarkable

proposition that financial disparity alone does not justify an award. 2004 U.S. Dist. LEXIS 5648, at *15-19 (S.D.N.Y. Apr. 6, 2004). Here, Defendants do not assert it should be the sole factor, but rather that Plaintiff took advantage of its tremendous resources to prosecute an unreasonable claim for an improper motive, and that the law should protect defendants in such circumstances who exercise their First Amendment rights. The First Amendment does not care on which side of the "v." the infringed party sits. For a First Amendment plaintiff in a Section 1983 case, "[t]he function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982). The same reasoning holds for a defendant seeking to vindicate their meritorious civil rights defenses.

A fee award is the only deterrent possible. A prevailing plaintiff can obtain actual or statutory damages. They can obtain injunctive relief. All a prevailing defendant can do is end a lawsuit they didn't start. A plaintiff who brings a baseless claim for secondary purposes has no incentive to stop. While the Magistrate Judge expresses the concern in *Silverstein, supra*, that a plaintiff may be chilled in pursuing litigation, what of a potential defendant whose First Amendment rights are chilled? "Speech by citizens on matters of public concern lies at the heart of the First Amendment, which was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Lane v. Franks*, 573 U.S. 228, 235-36 (2014)(cleaned up). Just as plaintiffs should not be chilled in bringing meritorious copyright claims, defendants should not be chilled in the exercise of their First Amendment rights. Awarding fees will deter the abuse of copyright law to infringe the First Amendment.

**3.0 A Fee Award Fosters Access to Justice**

As Defendants previously argued (ECF No. 41 at 10-11), a fee award promotes access to justice. The Magistrate Judge erroneously interpreted this argument to mean that being of modest

means is cause alone for a fee award. (ECF No. 53 at 14-15). As Justice Brennan explained, "access to justice so often requires the services of a lawyer." *Hensley v. Eckerhart*, 461 U.S. 424, 442 (1983)(Brennan, J. concurring); *accord White v. Szalasny*, 191 N.E.3d 260, 264 (Ind. Ct. App. 2022)("'Access to justice' is an empty phrase without the help of an attorney.")

Although the Magistrate Judge did not grant leave for the putative *amici* to file their proposed brief, the Court should heed their warning:

> A denial of fees in a case where fair use was apparent on the face of the complaint would signal to copyright plaintiffs that such claims carry no meaningful downside risk, further encouraging the use of copyright as a tool to suppress criticism rather than to protect creative works. The availability of fee recovery in clear fair-use cases is essential to the continued willingness of counsel to represent small-entity defendants in copyright disputes, and to the practical scope of fair use in this District.

(ECF No. 51-1 at 2). *Amici* further explained that "[w]hen experienced defense counsel know that even a successful outcome will leave the client bearing the full cost of vindication, the rational decision is often to decline the engagement; the rational decision for the defendant is often to settle or license rather than litigate." (*Id.* at 6).

Fee awards especially promote access to justice for defendants who should prevail. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights." *Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)(Posner, J.)(citation omitted). Thus, 'an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. The best illustration is in fact a case like this, where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer--no matter how costly it was for

him to defend against the suit." *Id.* An award of fees, here, will ensure that meritorious defendants can find counsel to defend against unreasonable claims.

**4.0 Conclusion**

This is not a case about protecting Jane Doe from the harms that may have been caused by the individuals behind "Girls Do Porn." It is a case about protecting fundamental First Amendment freedoms and the abuse of copyright law. All four *Fogerty* factors are met, and fees should be awarded to Messrs. Violette and Perry. Plaintiff challenged none of the time entries. (ECF No. 47 at 18 n. 7) and the hourly rates are reasonable. The Court should set aside the Magistrate Judge's order and award the $83,760.00 in fees sought.

Dated: August 27, 2026.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc Randazza (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: 978-801-1776
Email: ecf@randazza.com

/s/ Jay M. Wolman
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Email: jmw@randazza.com

*Attorneys for Defendants*

**WORD COUNT CERTIFICATION**

I certify, pursuant to LR 72.1(b)(2) and LR 6.3, that the total number of words in the foregoing document, not including the portions excluded by those rules, is 3,252 words.

/s/ Jay M. Wolman
Jay M. Wolman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman