**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MCM GROUP 22, LLC,** **Plaintiff,** v. **LYNDON PERRY,** **Defendant.** | : | **Case No. 22-cv-06157-GBD** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S OBJECTION TO OPINION AND ORDER**

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

PRELIMINARY STATEMENT ........ 1

LEGAL STANDARDS ........ 2

ARGUMENT ........ 3

I. MCM's claim was not objectively unreasonable or frivolous. ........ 3

II. MCM was not improperly motivated. ........ 7

III. Compensation and deterrence do not support a fee award. ........ 9

IV. Violette is not a prevailing party, and Defendant's new collateral-estoppel theory is waived and meritless. ........ 10

CONCLUSION ........ 11

WORD COUNT CERTIFICATION ........ 12

Plaintiff MCM Group 22, LLC ("MCM," or "Plaintiff") respectfully submits this Memorandum of Law in opposition to Defendant Lyndon Perry's Objection to Opinion and Order (ECF No. 54) (the "Objection," or "Obj.").

## PRELIMINARY STATEMENT

Defendant Lyndon Perry lost his fee motion on the merits, and his Objection gives this Court no reason to revisit that outcome. Instead, he simply invites the Court to reweigh the same factors Magistrate Judge Figueredo weighed, on the same facts she considered, and reach a different result. Disagreement is not error, and the Objection should be overruled.

This Court dismissed Plaintiff's copyright claim on fair use grounds. *See generally MCM Group 22 LLC v. Perry*, 818 F. Supp. 3d 623, 631 (S.D.N.Y. 2026). Defendant then moved for approximately $80,000 in fees under 17 U.S.C. § 505. In a thorough sixteen-page Opinion and Order, Magistrate Judge Figueredo denied the motion under *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016), finding that Plaintiff's claim was not objectively unreasonable or frivolous, that Plaintiff was not improperly motivated, and that compensation and deterrence did not favor an award. (*See generally* ECF No. 53 ("Opinion").) Each conclusion was correct: Section 505 commits the fee decision to the court's discretion, the Magistrate Judge tracked the governing standards precisely, and the Opinion reasoned soundly and thoroughly why every relevant factor cut against Defendant.

Defendant's one new argument fares no better. He claims that Magistrate Judge Figueredo "ignored" a fee request by former co-defendant Criston Violette, but MCM voluntarily dismissed Violette in 2022, and a voluntarily dismissed defendant is not a "prevailing party" entitled to fees. His theory that Violette "prevailed" by collateral estoppel appears for the

first time in the Objection; it is both waived and wrong. Defendant's Objection should be overruled in its entirety.

## LEGAL STANDARDS

As a threshold matter, Defendant noticed his Objection under Federal Rule of Civil Procedure 72(b), which supplies *de novo* review. Plaintiff assumes that that standard applies here, and indeed some courts in this District and the Eastern District have treated a merits attorney's-fee motion as a dispositive matter and therefore reviewed the magistrate judge's ruling *de novo*. *See Linde v. Arab Bank, PLC*, 2020 WL 5200924, at *1 (E.D.N.Y. Sept. 1, 2020) (treating fee motion as dispositive while collecting authorities on both sides); *Schreiber v. Friedman*, 2022 WL 669461, at *3 (E.D.N.Y. Mar. 7, 2022) (highlighting "uncertainty" on the issue, but following *Linde*).

The question is not settled, however, and there is authority treating a fee dispute as a non-dispositive matter reviewable only for clear error. Fed. R. Civ. P. 72(a); *Bradley v. Consol. Edison Co. of N.Y.*, 1991 WL 156368, at *3 (S.D.N.Y. Aug. 7, 1991); *accord United States ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015). This appears to be the view that Magistrate Judge Figueredo took, given that she styled the disposition as an Opinion and Order as contemplated by Rule 72(a), rather than a "recommended disposition" under Rule 72(b). Regardless, this Court need not resolve that question here. As shown below, the Opinion is correct on *de novo* review, so it follows that Defendant cannot satisfy the still more demanding showing that the denial was clearly erroneous or contrary to law.

Section 505 provides that a court "may award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," and "[t]here is no precise rule or formula for making these

determinations." *Fogerty*, 510 U.S. at 534. Section 505 fees, in other words, are "not automatic." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011). The court's exercise of this discretion is guided by the non-exclusive *Fogerty* factors: "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." (Opinion at 4 (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).) Objective unreasonableness receives "substantial weight," but it "can be only an important factor . . . not the controlling one," and the court must "view all the circumstances of a case on their own terms." *Kirtsaeng*, 579 U.S. at 208–09.

## ARGUMENT

### I. MCM's claim was not objectively unreasonable or frivolous.

"The grant of a motion to dismiss does not in itself render a claim unreasonable." *Jovani Fashion*, 820 F. Supp. 2d at 573. The applicable standard here is settled law, adopted by court after court in this District and Circuit: a copyright claim "is objectively unreasonable when [it] is ***clearly without merit or otherwise patently devoid of a legal or factual basis***." *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (emphasis added); *Wilder v. Hoiland*, 2025 WL 783642, at *4 (2d Cir. Mar. 12, 2025) (upholding denial of fees where losing plaintiff's arguments "were not clearly without merit or otherwise patently devoid of legal or factual basis") (quotation marks omitted); *Zuma Press, Inc. v. Getty Images (US), Inc.*, 845 F. App'x 54, 59 (2d Cir. 2021) (same); *see also Jovani Fashion*, 820 F. Supp. 2d at 573 (denying fees under "patently devoid" standard).

As a practical matter, the "patently devoid" standard means that a losing position is not objectively unreasonable merely because the court could resolve the issue against its proponent, particularly where the dispute "arose in the context of a developing, and still somewhat

uncharted, area of copyright law." *HarperCollins*, 58 F. Supp. 3d at 389–90. Good-faith litigation of "a relatively novel issue" is likewise "not frivolous or objectively unreasonable." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 174 (2d Cir. 2020). The key point here, though, is that the "patently devoid" standard creates an exceedingly high bar: it is not enough for a litigant to lose, or to lose badly. *See*, *e.g.*, *Wilder*, 2025 WL 783642, at *4 (fees properly denied even where the case was "not a close one"); *Hello I Am Elliot, Inc. v. Sine*, 2021 WL 1191971, at *8 (S.D.N.Y. Mar. 30, 2021) ("[T]he fact that plaintiffs' theory failed and had tenuous footing in the caselaw did not make it objectively unreasonable."). Rather, as the language of the standard itself makes clear, the litigant's position must have had *no factual basis and no legal basis whatsoever* (hence "devoid"), and the plaintiff's arguments being "clearly without merit" is one, but not the only, example of this (hence "otherwise").

Defendant makes no mention of the clearly established "patently devoid" standard anywhere in his Objection. It is a conspicuous omission, particularly since he identified it as the governing standard in his original fee motion (*see* ECF No. 41 at 5–6), and it underscores that he simply cannot satisfy the exacting "patently devoid" test in this case. Instead, Defendant's arguments as to the "frivolous" and "objectively unreasonable" factors are various attempts to lower the standard from "patently devoid" to something Defendant can reach on the facts of this case. None of these attempts should persuade the Court to do so, even on *de novo* review.

*First*, Defendant contends that because this Court found a "reasonable observer" would understand the Tweet underlying this case as commentary, MCM "was, by definition, making an unreasonable claim." (Obj. at 3.) That reasoning "conflates two different questions"—losing on the merits and objective unreasonableness—and that is precisely the error the Supreme Court has warned against. *Kirtsaeng*, 579 U.S. at 208. The *Kirtsaeng* Court explained that "[c]ourts every

day . . . see reasonable claims that come to nothing," that those courts "are capable of distinguishing between those [claims] and the objectively unreasonable variety," and that "if some court confuses the issue of liability with that of reasonableness, its fee award should be reversed for abuse of discretion." *Id*. Courts routinely caution against the exact false equivalency that Defendant urges the Court to adopt because "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001). The premise underlying Defendant's marquee argument is not the law; it is the opposite of the law.

*Second*, Defendant tries to distinguish four cases that the Magistrate Judge held involved "copyright claims with equally or more tenuous legal bases" but which nonetheless "were not objectively unreasonable or frivolous." (Obj. at 3 (citing Opinion at 10).) This argument perfectly illustrates the critical flaw that runs throughout Defendant's reasoning. Each of the four distinctions he draws measures the losing plaintiff's reasonableness by how decisively the winning defendant won on the merits rather than on whether there was *any factual or legal basis* for the plaintiff's position—which, once again, is *precisely* the confusion of liability with objective reasonableness that *Kirtsaeng* forbids.

For example: Defendant tries to differentiate *Hello I Am Elliot, Inc. v. Sine*, 2021 WL 1191971 (S.D.N.Y. Mar. 30, 2021), by asserting that unlike in *Sine*, Plaintiff in this case "brought a claim that was obvious fair use that the 'reasonable observer would understand.'" (Obj. at 4.) Putting aside how badly Defendant misreads *Sine*,[1] this argument cites the reason

[1] The plaintiff in *Sine* had relied on out-of-circuit cases that didn't even hold what the plaintiff had cited them for, which the court held to be "just enough of a legal basis to avoid condemnation as objectively unreasonable." 2021 WL 1191971, at *8. *Sine* is thus a clear

Defendant won on the merits (*i.e.*, a valid fair-use defense) as the reason Defendant should receive Section 505 fees. Separately, Defendant claims that the plaintiff in *Magnum Photos Int'l, Inc. v. Houk Gallery, Inc.*, 2019 WL 4686498 (S.D.N.Y. Sept. 26, 2019), had out-of-circuit authority "directly on point" (Obj. at 4), but besides being factually wrong—the court specifically "found [the authority's] reasoning unpersuasive"—Defendant ignores the actual holding of *Magnum Photos*, which is that the mere "*existence* of case law supporting Plaintiff's position militates against a finding that Plaintiff's claims were objectively unreasonable." 2019 WL 4686498, at *2 (emphasis added). As to *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, Defendant describes the case as an "outlier" adopting a rule under which no fair-use defendant could ever win fees (Obj. at 4); this is a gross mischaracterization, as the decision was made on a case-specific record, and the "fact-intensive, multifactor test" the *Louis Vuitton* court employed was simply the well-established governing legal standard, not a categorical bar (or any bar) to fees for deserving fair-use defendants. 2018 WL 317850, at *4 (S.D.N.Y. Jan. 8, 2018). The only way to read *Louis Vuitton* in the expansive way Defendant does is by collapsing the difference between losing on the merits and objective unreasonableness. And *Leibovitz v. Paramount Pictures Corp.*, the last of the Magistrate Judge's cited cases that Defendant attempts to distinguish (*see* Obj. at 4), was merely an uncontroversial application of the same case-specific, multifactor analysis. 2000 WL 1010830 (S.D.N.Y. July 21, 2000).

*Third*, Defendant cites two prior decisions by Magistrate Judge Figueredo, and declares that she "has applied a different standard of conduct to the non-prevailing party here (Plaintiff)

---

example of a plaintiff in a less reasonable position than MCM who nevertheless did not have a fee award entered against it—which is presumably why Defendant puts a positive spin on the *Sine* plaintiff's position, characterizing it as a "novel legal claim that could seem plausible under out-of-circuit caselaw." (Obj. at 4.) Defendant both mischaracterizes *Sine* and misrepresents the reasonableness of MCM's position, which (unlike *Sine*) cited *in*-circuit case law that subsequent courts in this Circuit cited for the same proposition as MCM did. (*See* ECF No. 47 at 10 & n.3.)

than she does in other cases." (Obj. at 4–5 (citing *Harrington v. Kaushan Media Corp.*, 2023 WL 8880311 (S.D.N.Y. Nov. 21, 2023), and *Sid Bernstein Presents, LLC v. Apple Corps Ltd.*, 2018 WL 3300688 (S.D.N.Y. Jan. 25, 2018).) This argument has no merit. *Harrington* proves the opposite of Defendant's point: a party that abandons the case via default, like the *Harrington* defendant did, has not advanced a reasonable position—it has advanced no position at all. Defendant offers not a word to explain how a litigant who never bothered to show up is somehow more reasonable than one who appeared, briefed a fact-intensive fair-use question, lost only after the Court's careful analysis, and "did not appeal or seek reconsideration of the dismissal of its complaint." (Opinion at 12.) *Sid Bernstein*, meanwhile, is worlds apart from this case: there, the prevailing defendants recovered fees because "clear and unambiguous" contracts supported their defense, and the claims that had accrued in 1991 were "surely time-barred by the time [the plaintiff] filed suit in 2016." *Sid Bernstein*, 2018 WL 3300688, at *6. A claim foreclosed by unambiguous contract language and filed a quarter-century after it accrued meets the "patently devoid" standard in a way that Plaintiff's claim here simply does not. More fundamentally, the premise of Defendant's argument—that consistency across the Magistrate Judge's other cases is itself a measure of error—misunderstands Section 505. Fee decisions are discretionary and individualized, and the court must "view all the circumstances of a case on their own terms." *Kirtsaeng*, 579 U.S. at 209. That cases with different facts came out differently is not evidence of error; it shows that the Magistrate Judge did exactly what *Kirtsaeng* requires.

## II. <u>MCM was not improperly motivated.</u>

The second *Fogerty* factor asks whether the party's motivation for filing suit was improper. "Improper motivation is found when a party advances positions not because of their inherent merit, but rather because it seeks to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain." *Gaffney v. Muhammad Ali Enters. LLC*, 2026 WL 878993,

at *3 (S.D.N.Y. Mar. 31, 2026) (internal citations and quotation marks omitted). On the other hand, "where a court has no reason to doubt that, throughout the litigation, a party sincerely believed that her work was entitled to copyright protection and pursued her claim for the purpose of vindicating her rights, that fact weighs against awarding costs and attorneys' fees against her." *Janik v. SMG Media, Inc.*, 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018).

The Magistrate Judge correctly determined that there was no evidence of an intent by Plaintiff to target or silence Defendant, no evidence to support Defendant's assertion that Plaintiff is a "copyright troll," and ultimately "no evidence of any other indicia of improper motive by MCM." (Opinion at 11–14.) She also held that because Plaintiff's claim "was not factually or legally baseless, Perry's argument that MCM abused the Copyright Act rings hollow." (*Id*. at 11.) Nevertheless, Defendant insists that "the entire motivation for [Plaintiff's] claim was secondary gain." (Obj. at 5.) None of the arguments he makes in support of this sweeping assertion withstands even mild scrutiny.

For example, Defendant argues that Plaintiff sued to enforce "the restitutionary relief that the courts awarded Jane Doe," "[n]ot to enforce their own rights, but Jane Doe's." (Obj. at 5.) This is simply wrong. Plaintiff MCM owns the copyright by assignment from Jane Doe, who is MCM's sole owner. (*See* ECF No. 47 at 7, 20.) Enforcing a registered copyright one owns is the paradigm of pursuing a claim "for the purpose of vindicating [one's] rights"—the very circumstance the case law holds weighs *against* fees. *See Janik*, 2018 WL 345111, at *13. Further, the fact that the copyright reached Plaintiff through a criminal restitution order does not taint the motive; it confirms that Plaintiff sued to protect a right a federal court conferred on a

trafficking victim, which this Court characterized as "a legitimate effort to control the reproduction and dissemination of the Video." *MCM Group 22*, 818 F. Supp. 3d at 633.[2]

Nor do Defendant's First Amendment arguments hold water. Defendant asserts that Plaintiff "sought to shut down fair reporting and free speech and make a buck off of it," and that it is "improper to abuse copyright law . . . to do so." (Obj. at 6.) Whatever First Amendment interest Perry's Tweet implicated was vindicated through the fair-use doctrine, which is the mechanism by which copyright law accommodates free speech. That Plaintiff ultimately lost the fair-use question does not retroactively convert its suit into an act of censorship undertaken in bad faith. Treating the fair-use loss as proof of improper motive is, yet again, to "confuse[] the issue of liability with that of reasonableness." *Kirtsaeng*, 579 U.S. at 208.

As the Magistrate Judge correctly observed, Defendant presented no evidence of improper motive in any meaningful sense of the term. In his Objection, he once again offers only rhetoric. The second *Fogerty* factor counsels against fees as well.

## III. <u>Compensation and deterrence do not support a fee award.</u>

Where a claim is not objectively unreasonable, "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender*, 240 F.3d at 122. That principle controls here: because MCM's claim was "neither objectively unreasonable nor frivolous, an award of

---

[2] Defendant's contention that Plaintiff's aim was "to further restitution to Jane Doe" rather than copyright's constitutional purpose (Obj. at 5) rings equally hollow. The second *Fogerty* factor does not ask whether a plaintiff's motives sufficiently track the Copyright Clause; it asks whether the plaintiff knowingly gambled on an unreasonable theory for secondary gain. Every copyright plaintiff sues to protect a private interest. Enforcing the exclusive rights the Copyright Act confers, including the right to control reproduction and distribution, is not an "abuse" of the Act simply because the holder's underlying motive is to limit the spread of a video created through her sexual exploitation.

attorney's fees would not serve the Copyright Act's goals of deterring meritless claims." (Opinion at 15.) The Magistrate Judge also found it relevant that "discovery was stayed pending resolution of [Defendant's] motion to dismiss, no significant motion practice took place aside from the motion to dismiss, and Judge Daniels ultimately granted the motion and dismissed MCM's claim early in the litigation. (*Id.* (citations omitted).)

Defendant's objection distorts the analysis. It does not follow from the Magistrate Judge's ruling that "no defendant could ever be compensated" after prevailing on a motion to dismiss. (Obj. at 7.) The early, inexpensive resolution of this action is one relevant circumstance in a "particularized, case-by-case assessment," not a categorical bar. *Kirtsaeng*, 579 U.S. at 202. Nor does a defendant's asserted lack of resources compel fees; a defendant's modest means does not entitle it to an award for defending against a claim that was not unreasonable. (*See* Opinion at 14.) This factor too weighs against a fee award.

## IV. <u>Violette is not a prevailing party, and Defendant's new collateral-estoppel theory is waived and meritless.</u>

Lastly, Defendant raises a new argument that Magistrate Judge Figueredo erred by failing to award fees to former defendant Criston Violette. (Obj. at 2.) The argument fails at every juncture.

For one thing, Mr. Violette is not a "prevailing party" under Section 505 because Plaintiff voluntarily dismissed its claim against him in 2022. (*See* Opinion at 3.) A "prevailing party" under any federal fee-shifting statute, including Section 505, must obtain a "material alteration of the legal relationship of the parties" marked by "judicial imprimatur." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). A plaintiff's voluntary dismissal is self-effectuating and requires no court action; the resulting change therefore "was not the sort of 'judicially sanctioned change' that constitutes a precondition to prevailing-party status." *Polaris Images Corp. v. Cable*

*News Network, Inc.*, 365 F. Supp. 3d 340, 343 (S.D.N.Y. 2019). Accordingly, as in *Polaris Images*, Mr. Violette "was not a prevailing party for the purposes of the attorneys' fees provisions of the Copyright Act." *Id.*

Additionally, Defendant's theory that his later fair-use dismissal "collaterally estops any claim against Mr. Violette" and thereby made Violette a prevailing party appears for the first time in his Objection (Obj. at 1), and is therefore waived. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (an objection "generally may not raise new arguments not previously made before the magistrate judge"). But the theory fails on the merits too: prevailing-party status would require a judicially sanctioned change in *Mr. Violette's own* legal relationship with Plaintiff. Defendant's separate victory is not a court-ordered change in Plaintiff's relationship with Mr. Violette, and it cannot manufacture prevailing-party status for a defendant that Plaintiff voluntarily released years earlier.

**CONCLUSION**

For the reasons stated above, the Court should overrule Defendant's Objection and decline to award him the requested fees.

Dated: New York, NY
September 10, 2026

Respectfully submitted,

s/ *David J. Winkler*

**MINTZ & GOLD LLP**
David J. Winkler
600 Third Avenue, 25th Floor
New York, NY 10016
Telephone: (212) 597-9152
sondhi@mintzandgold.com
winkler@mintzandgold.com

*Counsel for Plaintiff MCM Group 22, LLC*

## WORD COUNT CERTIFICATION

I hereby certify, pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.1(c), that the total number of words in Plaintiff's Memorandum of Law in Opposition to Defendant's Objection to Opinion and Order, dated September 10, 2026, exclusive of the portions of the Memorandum of Law excepted under that rule, is 3,470.

Dated: New York, New York
September 10, 2026

*/s/ David J. Winkler*