**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x

MCM GROUP 22 LLC,

Plaintiff,

-against-

LYNDON PERRY,

Defendant.

---------------------------------------- x

MEMORANDUM DECISION AND ORDER

22 Civ. 6157 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Magistrate Judge Valerie Figueredo's August 20, 2026, Opinion & Order (the "Order") denying Defendant's motion for attorney's fees. (ECF No. 53.) Defendant Lyndon Perry ("Defendant") objects to the Order's conclusions, arguing that Magistrate Judge Figueredo incorrectly determined that Defendant was not entitled to attorney's fees. (*See* Obj., ECF No. 54, at 2.) After a careful review of the Order and the parties' underlying submissions, this Court sees no error in Magistrate Judge Figueredo's conclusion. Defendant's attorney's fees motion is DENIED.

## I. BACKGROUND[1]

This action centers on Defendant's reproduction of a still frame from a pornographic video (the "Video") in a social media post. Plaintiff MCM Group 22 LLC ("Plaintiff") is the owner by assignment of a registered copyright in the Video. (Mem. Decision & Order, ECF No. 38, at 1.) The assignor was Jane Doe, a victim of a criminal sex-trafficking enterprise, who originally

---

[1] This Court presumes the parties' familiarity with the case's factual and procedural background and only the facts relevant to the instant motion are recounted herein. A more detailed recitation of the facts can be found in Magistrate Judge Figueredo's Order, (ECF No. 53,) and this Court's February 2026 Memorandum Decision & Order, (ECF No. 38.)

received the rights to the Video pursuant to a restitution order issued by a federal district court in the Southern District of California. (*See* Order at 1–2.) Plaintiff commenced this action against Defendant and Criston A. Violette, alleging Defendant's post infringed its copyright in the Video and seeking to enjoin Defendant from reposting or otherwise continuing to disseminate still frames from the Video. (Compl., ECF No. 1.) After Plaintiff voluntarily dismissed its claim against Violette,[2] (ECF No. 20,) Defendant moved to dismiss for failure to state a claim for relief, (ECF No. 28.) On February 3, 2026, this Court issued a Memorandum Decision & Order, concluding that the defense of fair use was clearly established by the complaint and dismissing the case. (ECF No. 38 at 12–13.)

On February 18, 2026, Defendant filed the instant motion for attorney's fees, (ECF Nos. 40–41,) which this Court subsequently referred to Magistrate Judge Figueredo, (ECF No. 42.) In the Order, Magistrate Judge Figueredo first concluded that Defendant was a prevailing party under the Copyright Act's fee shifting provision, 17 U.S.C. § 505. (Order at 5.) After considering the factors set out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), Magistrate Judge Figueredo held that Defendant was not entitled to attorney's fees. (*See* Order at 6–16.)

On August 27, 2026, Defendant filed his objection to the Order. (Obj.) Plaintiff filed its response on September 10, 2026. (Response, ECF No. 55.)

## II. STANDARD OF REVIEW

Defendant noticed his objection to the Order under Federal Rule of Civil Procedure 72(b), (*see* Obj. at 1,) which provides for *de novo* review "[w]hen a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge," *Nambiar v. Cent.*

[2] Plaintiff originally alleged that "Lyndon Perry" was Violette's pseudonym. (Compl. ¶ 7.) Plaintiff's subsequent decision to voluntarily dismiss Violette from the suit was based on a declaration by Violette and an affidavit by Defendant that confirmed that "Lyndon Perry" was not Violette's alter ego and that Defendant was a natural person who authored the post at issue. (*See* ECF Nos. 17–20.)

*Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). The Order, however, is not framed as a report and recommendation but as a final disposition, reviewable only for clear error pursuant to Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a) ("The district [court] in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") While Plaintiff notes in its response that the question is not settled whether a merits attorney's fees motion is a dispositive or nondispositive matter, (*see* Response at 2,) both parties agree that a *de novo* review of this issue is appropriate, (*see id.*; Obj. at 1.) Accordingly, this Court will review Defendant's arguments *de novo*.

## III. DEFENDANT'S MOTION IS DENIED

Pursuant to § 505 of the Copyright Act, a district court may, in its discretion, "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Supreme Court has "established a pair of restrictions" on this discretion. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016). First, a district court may only award attorney's fees after conducting a "particularized, case-by-case assessment." *Id.* "Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Id.* (alteration in original) (quoting *Fogerty*, 510 U.S. at 527).

The Supreme Court has also identified "several nonexclusive factors" to inform a court's exercise of this discretion: "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19. "The objective reasonableness of a party's arguments 'carries significant weight,' but 'courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals'—namely, to 'enrich[] the general public through access to

creative works' by 'encouraging and rewarding authors' creations while also enabling others to build on that work.'" *Atticus Ltd. Liab. Co. v. Dramatic Publ'g Co.*, 145 F.4th 257, 276 (2d Cir. 2025) (quoting *Kirtsaeng*, 579 U.S. at 204, 209).

Here, Defendant objects to Magistrate Judge Figueredo's conclusion that the factors laid out in *Fogerty* do not support a discretionary award of attorney's fees.

**A. Frivolousness and Objective Reasonableness**

Although "[o]bjective unreasonableness is not the same as frivolousness . . . [t]he line separating them is not . . . well-defined." *TCA Television Corp. v. McCollum*, No. 15 CIV. 4325 (GBD) (JCF), 2017 WL 2418751, at *14 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, No. 15 CIV. 4325 (GBD) (JCF), 2018 WL 2932724 (S.D.N.Y. June 12, 2018). "In general, courts appear to treat frivolousness as a particularly intense form of objective unreasonableness." *Magnum Photos Int'l, Inc. v. Houk Gallery, Inc.*, No. 16-CV-7030 (VSB), 2019 WL 4686498, at *2 (S.D.N.Y. Sept. 26, 2019) (internal quotation marks and citation omitted.) Put differently, "if an argument is not objectively unreasonabl[e], it cannot be frivolous." *Shaffer v. Kavarnos*, No. 23-CV-10059 (KMK), 2026 WL 1971249, at *4 (S.D.N.Y. July 8, 2026). For this reason, "the first and third factors are often evaluated together." *Id.*

A copyright claim is objectively unreasonable "when [it] is clearly without merit or otherwise patently devoid of a legal or factual basis." *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (quoting *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009)) (alteration in original). Thus, "[t]he grant of a motion to dismiss does not in itself render a claim unreasonable." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011); *see also Overseas Direct Imp. Co. v. Fam. Dollar Stores Inc.*, No. 10-CV-4919, 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013) ("[L]ack of

success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable.")

Here, Defendant argues that Plaintiff's claims were unreasonable because this Court, in assessing whether the Defendant's use of the still frame was "transformative," held that "a reasonable observer would understand the Tweet as a commentary on Celsius with a markedly different purpose from the original pornographic video." (Obj. at 3.) Defendant contends that this holding established that "Plaintiff was, by definition, making an unreasonable claim." *Id.*

But this argument "conflates two different questions:" whether Defendant in fact infringed a copyright and whether Plaintiff made serious arguments in support of its claim. *See Kirtsaeng*, 579 U.S. at 208. While this Court ultimately sided with Defendant on the question of fair use, none of Plaintiff's arguments opposing dismissal were unreasonable. For example, on the transformative character of the use, Plaintiff argued that fact discovery was necessary to determine whether Defendant's use of the still frame was in fact a form of "commentary." (ECF No. 32 at 9.) To support this argument, Plaintiff relied on *Hirsch v. CBS Broadcasting Inc.*, No. 17 Civ. 1860 (PAE), 2017 WL 3393845, at *7 (S.D.N.Y. Aug. 4, 2017), in which a court in this district held that discovery of the "overall context and content" would enable a more careful assessment of whether the reproduction of a copyrighted image qualified as "news reporting" or "commentary." *Id.* Now, *Hirsch*'s reasoning does not apply to this case—there are visual and contextual differences that are apparent on the face of the two works at issue here that were not present in *Hirsch*. Nevertheless, *Hirsch* supplied Plaintiff with a reasonable legal basis to argue against dismissal at the pleading stage and in favor of proceeding to discovery. Plaintiff's arguments, while unpersuasive, were therefore not "so deficient as to amount to 'objectively unreasonable.'" *Magnum Photos Int'l, Inc.*, 2019 WL 4686498, at *3; *see also Barcroft Media,*

*Ltd. v. Coed Media Grp., LLC*, No. 16-CV-7634 (JMF), 2018 WL 357298, at *2 (S.D.N.Y. Jan. 10, 2018) ("[A]lthough this case was not ultimately a close one, CMG's defenses were not so frivolous or objectively unreasonable that no party could see an opening . . . through which the argument[s] could be squeezed." (internal quotation marks and citation omitted)).

**B. Motivation**

Defendant has also failed to show that Plaintiff initiated this lawsuit with an improper motive. "Improper motivation is found when a party advances positions 'not because of their inherent merit, but rather because it seeks to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain.'" *Gaffney v. Muhammad Ali Enters. Ltd. Liab. Co.*, No. 18-CV-8770 (GBD) (OTW), 2026 WL 878993, at *3 (S.D.N.Y. Mar. 31, 2026) (quoting *Janik v. SMG Media, Inc.*, No. 16-CV-7308 (JGK) (AJP), 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018)). "[W]here a court 'has no reason to doubt that, throughout the litigation, a party sincerely believed that [its] work was entitled to copyright protection and pursued [its] claim for the purpose of vindicating [its] rights,' that fact 'weighs against awarding costs and attorneys' fees against it.'" *Janik*, 2018 WL 345111, at *13 (internal quotation marks and citation omitted).

In the Order, Magistrate Judge Figueredo found no evidence suggesting Plaintiff was improperly motivated and specifically rejected Defendant's claims that Plaintiff wished to target or silence Defendant and that Plaintiff is a copyright troll. (*See* Order at 11–14.) Defendant does not dispute these specific findings but argues that Magistrate Judge Figueredo's analysis failed to acknowledge "the explicit improper motivation Plaintiff confessed to." (Obj. at 6.) According to Defendant, the Plaintiff's admitted desire "to enforce the restitutionary relief that the courts awarded Jane Doe," (ECF No. 47 at 8,) is an improper motivation "to pay a third party . . . for wrongs committed by a fourth party," (Obj. at 6.)

This argument is unavailing. Plaintiff owns the copyright in the Video by assignment from Jane Doe, which grants Plaintiff the exclusive right to reproduce the Video. *See* 17 U.S.C. § 106(1). Plaintiff sought to enforce this right through this action by blocking what it saw as an unlawful reproduction—albeit unsuccessfully. And as explained above, Plaintiff had an objectively reasonable and nonfrivolous basis to believe it could do so. The mere fact that Plaintiff references the restitution order that enabled it to pursue this copyright action does not constitute an improper motive.[3]

**C. Compensation and Deterrence**

The final *Fogerty* factor also weighs against granting a fee award. Defendant argues that "a fee award is the only deterrent possible" because otherwise, "a plaintiff who brings a baseless claim for secondary purposes has no incentive to stop." (Obj. at 8.) This argument fails because, as explained above, Plaintiff made an objectively reasonable claim and was not improperly motivated in doing so. This Court sees no reason to deter Plaintiff, or any other similarly situated copyright holder, from raising reasonable claims that serve its interests. *See Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *Kavarnos*, 2026 WL 1971249, at *5 (noting that "the cost of filing and prosecuting a claim already disincentivizes meritless litigation").

Defendant also argues that granting a fee award would "promote access to justice" by providing future defendants with the necessary incentive to press their rights. (*See* Obj. at 8–9.)

---

[3] Defendant also reiterates his argument that through this action, "Plaintiff sought to shut down fair reporting and free speech and make a buck off of it." (Obj. at 6.) This self-serving assertion does not change this Court's conclusion. Defendant's First Amendment interest was fully vindicated by this Court's decision granting dismissal on fair-use grounds. There is no evidence to suggest that Plaintiff intended to unlawfully suppress Defendant's free speech rights separate and apart from its reasonable attempt to enforce its copyright in the Video.

But defendants who succeed at the pleading stage by asserting a meritorious fair use defense are not left totally uncompensated for their effort: "in defending [the] lawsuit successfully, they have arguably 'benefitted by protecting themselves from being subject to similar suits in the future." *Magnum Photos Int'l, Inc.*, 2019 WL 4686498, at *3 (quoting *Perfect 10, Inc. v. CWIE, LLC*, No. CV 02-7624 LGB (SHx), 2005 WL 5957973, at *3 (C.D. Cal. Feb. 10, 2005)). In any event, this consideration alone does not warrant a fee award. *See Kirtsaeng*, 579 U.S. at 209 ("[Section] 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations . . . .")

In short, none of the *Fogerty* factors weigh in favor of granting a fee award under § 505. Plaintiff advanced a reasonable claim with a proper motive, and Defendant secured a favorable verdict at an early stage in the litigation. Granting a fee award would therefore not serve the ends of the Copyright Act.

## IV. CONCLUSION

Defendant's motion for attorney's fees, (ECF No. 40), is DENIED.[4] The Clerk of Court is directed to close the motion accordingly.

Dated: October 13, 2026
New York. New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

[4] Defense Counsel's fee application on behalf of Mr. Violette is also denied. Unlike Defendant, Mr. Violette, who was voluntarily dismissed from this suit on September 1, 2022, is not a prevailing party under § 505. *See Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 343 (S.D.N.Y. 2019) (holding that a plaintiff's voluntary dismissal of its claims is "not the sort of 'judicially sanctioned change' that constitutes a precondition to prevailing party status" under § 505 (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016))). Mr. Violette is therefore ineligible for fees under § 505.